JOSEPH P. GILMORE, administrator,[1] & others[2] *vs.*
COMMONWEALTH & another.[3]

Middlesex. March 9, 1994. - May 6, 1994.

Present: LIACOS, C.J., ABRAMS, NOLAN, O'CONNOR, & GREANEY, JJ.

*Massachusetts Tort Claims Act. Commonwealth,* Liability for tort. *No-tice,* Claim under Massachusetts Tort Claims Act. *Practice, Civil,* Presentment of claim under Massachusetts Tort Claims Act.

A letter of presentment under G. L. c. 258, § 4, which referenced and enclosed a nineteen-page complaint in a Federal wrongful death action setting forth the entire factual basis relating to the claim presented, was sufficient to apprise the executive officer receiving it that the claimant, a brother of the deceased, was making a claim for negligent infliction of emotional distress, a proper claim under G. L. c. 258, prior to its amendment by St. 1993, c. 495, § 57. [721-723]

CIVIL ACTION commenced in the Superior Court Department on December 17, 1982.

Motions for summary judgment were heard by *James F. McHugh*, J., and the case was reported by him to the Appeals Court. The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Richard W. Rose* for county of Middlesex.

*Michelle A. Kaczynski*, Assistant Attorney General (*Kristen Wigandt*, Special Assistant Attorney General, with her) for the Commonwealth.

*Donald J. Correa* for James P. Gilmore.

---

[1] Of the estate of Patricia E. Gilmore.

[2] The exact number of plaintiffs in the case is not readily ascertainable from the record. We are concerned only with the claim made by James P. Gilmore.

[3] The county of Middlesex.

GREANEY, J. A judge in the Superior Court reported to the Appeals Court, see Mass. R. Civ. P. 64, 365 Mass. 831 (1974); G. L. c. 231, § 111, second par. (1992 ed.), the correctness of his order denying motions for summary judgment filed by the defendants, the Commonwealth and the county of Middlesex, in connection with the action by the plaintiff James P. Gilmore to recover for alleged negligent infliction of emotional distress suffered as the result of the murder of his sister, Patricia E. Gilmore. The defendants sought summary judgment on the basis that the plaintiff's letter of presentment under G. L. c. 258, § 4 (1992 ed.), was inadequate to advise them of his claim. We transferred the case to this court on our own motion and now conclude that the plaintiff's presentment letter was sufficient.

The background of the case is as follows. Patricia E. Gilmore, the plaintiff's sister, had filed numerous complaints with various police departments, and in the District Court, against Bradford Prendergast, after he had threatened and assaulted her. On July 2, 1979, Prendergast was charged with threatening Patricia's life, and he was subsequently committed to the Bridgewater State Hospital for observation. Prendergast admitted to facts sufficient to warrant a finding of guilty and on September 28, 1979, was sentenced in a District Court to serve six months in the Billerica house of correction. Despite Prendergast's prior conduct against Patricia, psychiatrists failed to commit him to the Bridgewater State Hospital. On December 20, 1979, while on furlough from the house of correction, Prendergast entered the Gilmores' home in Canton, assaulted Patricia and members of the family, and kidnapped Patricia at gunpoint. Shortly thereafter, Patricia's body, which had been stabbed a number of times with a hunting knife, was found alongside a road in Middleborough.

Pursuant to G. L. c. 258, § 4, Joan Gilmore, Patricia's sister, commenced an action in the Superior Court on December 17, 1982, against the Commonwealth and the county of Middlesex, seeking to recover damages based on the alleged negligent conduct of public officials in granting to Prender-

gast the furlough during which he murdered Patricia. This action was later consolidated with an action filed by Joseph P. Gilmore, Patricia's brother, as administrator of Patricia's estate, and by her other siblings.[4] Subsequently, the plaintiff with whom we are concerned, James P. Gilmore, filed a motion, which was allowed, to be joined in the consolidated actions in order to bring a claim against the Commonwealth and Middlesex County for the alleged negligent infliction of emotional distress as a result of his sister's murder.[5]

The presentment issue concerns "notice of claim" letters sent on December 18, 1981, by James' attorney to the Middlesex county commissioners, the Attorney General, and the Secretary of the Executive Office of Human Services. The text of the identical letters reads as follows:

> "James P. Gilmore, a brother of the late Patricia E. Gilmore, hereby submits a claim pursuant to G. L. c. 258, section 4. You are designated as the 'Executive Officer' under G. L. c. 258, section 1, for purposes of presentation of this claim. The facts pertaining to this claim are set forth in the Amended Complaint which was filed in the United States District Court for the District of Massachusetts, and which bears the docket number C.A. 80-1749-T. A copy of the Amended Complaint is

---

[4]The action by the administrator is the one the parties and the judge have used for purposes of our review of the correctness of the reported order.

[5]Another judge of the Superior Court denied summary judgment for the defendants in connection with James P. Gilmore's claim for alleged negligent infliction of emotional distress (and similar claims by certain other members of the Gilmore family). This judge concluded that Prendergast's conduct at the Gilmore home, where James was present, in threatening James and kidnapping Patricia, and James' viewing on television of a helicopter hovering over Patricia's dead body lying on the side of the road and shining a light on the body, could support a claim for negligent infliction of emotional distress against the Commonwealth and the county under then-existing case law. The correctness of this ruling is not before us.

Also not before us is the effect, on James' claim, of St. 1993, c. 495, § 57, which substantially revised G. L. c. 258, after our decision in *Jean W.* v. *Commonwealth*, 414 Mass. 496, 510-511 (1993) (Liacos, C.J., concurring).

attached hereto and should be considered as part of the 'claim in writing' under G. L. c. 258, section 4.

"On the basis of the facts set forth in paragraphs 3-7, 12-15, and 25-38 of the Amended Complaint the claimant requests that you provide appropriate relief."

There was included with each presentment letter a copy of the nineteen-page amended complaint, referenced in the letter, which had been filed in the United States District Court for the District of Massachusetts by the representative of Patricia's estate against various county and State officials and public entities.

In denying the defendants' motions for summary judgment, the judge noted that the question of the adequacy of James' presentment was a "close one," but that the letters, and the specified portions of the complaint in the Federal lawsuit, sufficiently presented James' claim within the requirements and purposes of G. L. c. 258, § 4, because the letters allowed appropriate public officials of the Commonwealth and the county to ascertain the nature of the claim, and thereafter to investigate, to take appropriate action, and to satisfy themselves that the claim was not one based on intentional conduct which would fall outside of G. L. c. 258.

General Laws c. 258, § 4, provides, in pertinent part, that "[a] civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose . . . ." Presentment must be made "in strict compliance with the statute." *Weaver* v. *Commonwealth*, 387 Mass. 43, 47 (1982). *Lodge* v. *District Att'y for the Suffolk Dist.*, 21 Mass. App. Ct. 277, 284 (1985). "Presentment ensures that the responsible public official receives notice of the claim so that that official can investigate to determine whether or not a claim is valid, preclude payment of inflated or nonmeritorious claims, settle valid claims expeditiously, and take steps to

ensure that similar claims will not be brought in the future."
*Lodge* v. *District Att'y for the Suffolk Dist.*, *supra* at 283.

The complaint in the Federal lawsuit enclosed with James'
presentment letters sets out the entire fact pattern relating to
Prendergast's conduct, his murder of Patricia, and the al-
leged wrongful acts of county and State officials in dealing
with Prendergast in light of what is alleged to have been
known, or what is alleged should have been known, about his
threats against Patricia. The complaint asserted, among
other things, the following: (a) Patricia lived at home with
eight of her eleven siblings; (b) Prendergast's threats and
conduct created a reasonable belief in the minds of Patricia
and her family that Prendergast, if allowed to be free, consti-
tuted a serious danger to Patricia's life; (c) Prendergast's en-
try into the family home involved a violent assault on Patri-
cia and members of her family; (d) Prendergast's conduct
"inflicted severe emotional distress and physical and emo-
tional pain and suffering upon Patricia"; and (e) the conduct
of public officials in failing to restrain Prendergast consti-
tuted "negligence and gross negligence under the laws of the
Commonwealth" as well as violations of Federal law.

In deciding that James' presentment was adequate, the
judge stated the following: "A distinction can be made be-
tween the [e]state and the remaining plaintiffs with respect
to the adequacy of notice. The [F]ederal complaint shows
that Patricia Gilmore died at Prendergast's hand. In the con-
text of the allegations the [e]state made in [the] [F]ederal
complaint, it takes no great leap of faith to determine that
the [e]state was making a claim against the Commonwealth
for Ms. Gilmore's wrongful death. The precise nature of the
claim the remaining plaintiffs were making is not as clear
from the presentment letters. Nevertheless, *Dziokonski* v.
*Babineau*, 375 Mass. 555 (1978)[,] had been decided in 1978
and thus, by 1981, a conclusion that the remaining plaintiffs
[including James] were making a claim for negligent inflic-
tion of emotional distress was not a conclusion only those
with the most active imaginations could be expected to draw
from the facts the plaintiffs recited."

We agree with these observations. While a presentment letter should be precise in identifying the legal basis of a plaintiff's claim, James' letters here were not so obscure that educated public officials should find themselves baffled or misled with respect to his assertion of a claim for negligent infliction of emotional distress, a claim which constitutes a proper subject for suit within G. L. c. 258, prior to its amendment by St. 1993, c. 495, § 57. The letters satisfied the purposes behind the presentment provision. We conclude, as did the judge, that the issue is "close," but that the requirements of G. L. c. 258, § 4, have been satisfied.[6]

The denial of the defendants' motions for summary judgment on the ground discussed in this opinion was correct and that order is affirmed.

*So ordered.*

---

[6]The cases relied on by the defendants, where presentment was found to be improper under G. L. c. 258, § 4, are distinguishable. In *Tambolleo* v. *West Boylston*, 34 Mass. App. Ct. 526 (1993), the presentment letter described only an assault by a police officer of the defendant town, but the complaint against the town alleged negligent supervision and training and infliction of emotional distress. The Appeals Court found the presentment letter inadequate both because it alleged no claim arising from the town's actions and because it alleged only an intentional tort for which a claim would be explicitly barred by G. L. c. 258, § 10 (*c*) (1992 ed.). *Id.* at 533. In *Wightman* v. *Methuen*, 26 Mass. App. Ct. 279 (1988), the presentment letter described a schoolyard incident in which one boy was injured by another and alleged that school employees were negligent in not interceding in time to prevent the injury; the complaint alleged both that claim and one that other school employees had negligently failed promptly to seek medical attention for the injured boy. The first claim, the Appeals Court held, was barred by G. L. c. 258, § 10 (*b*) (1992 ed.), because control over student activities is a discretionary function. *Id.* at 280-281. The court rejected the second claim, that for negligence in obtaining medical attention, because it was not raised in the presentment letter, which focused exclusively on supervision in the schoolyard. *Id.* at 282. Thus, both *Tambolleo* and *Wightman* were cases in which the presentment letters described only claims invalid under G. L. c. 258, § 10, but the plaintiffs later brought actions alleging negligence not mentioned in their letters. In the present case, in contrast, the presentment letter alleged specific negligence, actionable under G. L. c. 258, on the part of the defendants, and it is the same allegedly negligent actions on which James' claim is based.