Lauriat, J.
The plaintiff, David Wurzel (‘Wurzel”), brought this action against the Commonwealth of Massachusetts (“Commonwealth”) and Mike Wortis d/b/a M.F.W. Inc. (‘Wortis”) to recover damages for injuries Wurzel sustained when a golf cart at the Leo J. Martin Golf Course (“Golf Course”) backed into him and caused him to fall. The Commonwealth has now moved for summary judgment on the grounds that Wurzel failed to make an adequate presentment of his claim against the Commonwealth in accordance with the provisions of G.L.c. 258, §4. For the reasons which follow, the defendant’s motion for summary judgment is allowed.
BACKGROUND
On July 1, 1992, Wurzel’s attorney forwarded a presentment letter to Susan F. Tierney, the Secretary to the Executive Office of Environmental Affairs. The presentment letter stated in relevant part,
My client informs me that he sustained injuries as a result of the careless and negligent manner in which property was maintained, to wit, a cart driven by a party was backed up into David Wurzel causing him to sustain injuries.
Wurzel commenced this action on October 2, 1992 against the Commonwealth and Wortis seeking to recover damages based on the defendants’ alleged negligent failure to maintain the premises at the Golf Course. The Commonwealth moved to dismiss or, in the alternative, for a more definite statement. Wurzel then amended his complaint to allege that the Commonwealth failed “to maintain the premises, specifically a golf cart at the premises located at Leo J. Martin Golf Course.” (First Amended Complaint, ¶12.) The Commonwealth moved for summary judgment on the grounds that Wortis, an independent contractor, owned, operated, controlled and maintained the golf carts at the Golf Course. The motion was denied without prejudice in order to permit discovery as to the identity of the driver of the cart.
On or about February of 1994, Wurzel again moved to amend his Complaint.[1] Wurzel added a further count to his Complaint which alleged that the Commonwealth negligently failed to maintain the asphalt staging area around the pro shop at the Golf Course. (Second Amended Complaint ¶¶ 15 & 16.) In his second amended Complaint, Wurzel continued to allege that Wortis negligently failed to maintain the premises, specifically a golf cart located at the Golf Course, which caused Wurzel to sustain injuries when the golf cart was backed into him. (Second Amended Complaint, ¶21.)
*3 DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P.56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
The sole issue presented by this motion is whether Wurzel’s presentment letter put the Commonwealth on notice of his present claim that the Commonwealth failed to maintain the asphalt staging area around the pro shop at the Golf Course. G.L.c. 258, §4, in pertinent part, provides,
A civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose . . .
G.L.c. 258, §4. “Presentment ensures that the responsible public official receives notice of the claim so that the official can investigate to determine whether or not a claim is valid, preclude payment of inflated or non-meritorious claims, settle valid claims expeditiously, and take steps to ensure that similar claims will not be brought in the future.” Gilmore v. Commonwealth, 417 Mass. 718, 722 (1994), quoting Lodge v. District Attorney for the Suffolk Dist., 21 Mass.App.Ct. 277, 283 (1985).
Wurzel contends that, although the presentment letter does not explicitly mention any causal relationship between his injuries and the condition of the asphalt staging area, the Commonwealth was put on notice by language in the letter which stated “he sustained injuries as a result of the careless and negligent manner in which property was maintained . . .” Consequently, Wurzel contends that the Commonwealth, after receiving the presentment letter, had a duty to investigate the entire accident scene for any defects on the property. The presentment letter, however, explicitly states that Wurzel was injured when “a golf cart driven by a party was backed up into [him].” Clearly, this explanation would not provide a public official with reasonable notice that there were other factors or conditions which may have contributed to Wurzel’s fall.[2]
The presentment notice must state facts and theories of liability sufficient to trigger an adequate investigation of the claims upon which suit will be brought. Gilmore v. Commonwealth, supra at 721-22. The golf carts at the Golf Course are maintained, operated, and controlled by Wortis, an independent contractor for the Commonwealth. Further, the driver of the golf cart is now alleged to be an employee of the independent contractor. Under the Massachusetts Tort Claims Act, G.L.c. 258, §1, a private or independent contractor of the Commonwealth is neither a public employer[3] nor a public employee. The Commonwealth is, therefore, not liable for the negligence of any independent contractor under its employ nor for the negligence of the independent contractor’s employees or agents. Because Wurzel’s presentment letter sets forth only claims which are barred under the Massachusetts Tort Claims Act, it would not have triggered an adequate investigation or any investigation at all by the Commonwealth. See Tambolleo v. West Boylston, 34 Mass.App.Ct. 526 (1993) (finding the presentment letter inadequate because it alleged no claim arising from the town’s actions and because it alleged only an intentional tort for which a claim would be explicitly barred by G.L.c. 258, § 10(b)). The court therefore concludes, as a matter of law, that Wurzel failed to make an adequate presentment of his claim in accordance with the provisions of G.L.c. 258, §4. Accordingly, the Commonwealth is properly entitled to summary judgment on Wurzel’s second amended Complaint.
ORDER
For the foregoing reasons, the Defendant Commonwealth of Massachusetts’ Motion for Summary Judgment is ALLOWED.

This motion was allowed on February 15, 1994 (Houston, JO.

In his affidavit of March 4, 1993, Wurzel testified as follows:
I was injured when I was hit by a golf cart that is used to service the golf course grounds. A young man was driving the golf cart, and he backed up into me, and caused me to fall. As a result, among other things, I was caused to fracture my shoulder.
(Wurzel Affidavit, ¶¶3-4.) Wurzel did not cite the condition of the asphalt staging area as a possible cause of his injuries.

G.L.c. 258, §1 defines public employer as “the commonwealth and any city, town ... thereof which exercises control over the public employee, but not a private contractor with any such public employer ...”