Garsh, J.
Plaintiff, Mark Hans Felix (“Felix”), commenced this action against the Commissioners of Middlesex County (“Commissioners”), for injuries sustained while he was being held at the Billerica House of Corrections. In his First Amended Complaint, Felix asserts a claim for negligence under the Massachu *243 setts Torts Claims Act, G.L.c. 258 §2, (Count I), as well as claims for violations of civil rights under G.L.c. 12 §111 and 42 U.S.C. §1983 (Counts II and III).[2] The Commissioners move to dismiss Felix’s complaint pursuant to Mass.R.Civ.P. 12(b)(6). For the reasons set forth below, the Commissioner’s motion is ALLOWED in part and DENIED in part.
BACKGROUND
Felix alleges that on June 26, 1992, while waiting in a holding cell to be booked at the Billerica House of Corrections, he exchanged words with a guard which triggered his being transferred to a different holding cell. Felix alleges that he was grabbed by two guards, one of whom put him into a headlock, after which he offered no resistance. Felix alleges further that he was punched in the head while the guards yelled racial slurs. According to Felix, he was then handcuffed and dragged out of the cell; while being transferred, two guards allegedly shoved him, causing him to be injured. Finally, Felix alleges that, after being left for several hours bleeding without medical attention, he was treated by the Billerica House of Corrections Infirmary and eventually transferred to St. Joseph’s Hospital.
Through counsel, Felix presented a claim in writing to the Commissioners on August 14, 1992. The text of that letter is as follows:
Please be advised that I represent Mark Hans Felix of 49 Parkman Street Dorchester, MA, for personal injuries sustained on or about June 26, 1992, at approximately 6:00 P.M. while he was being booked at the Billerica House of Corrections. Mr. Felix was injured while handcuffed and being transferred between cells when he was pushed by a corrections officer or officers into a wall. Mr. Felix received a severe head injury near his eye resulting in a permanent scar. Mr. Felix was taken to Saint John’s Hospital, Lowell, MA and is still undergoing treatment. This letter constitutes notice of injury as required by M.G.L.c. 259, §§1, 2 and 9.
In his original complaint, Felix alleged assault and battery along with the negligence and civil rights ciaims. The Commissioners moved to dismiss the complaint for failure to state a claim upon which relief may be granted. Felix’s opposition did not address the assault and battery claim which is barred by G.L.c. 258, §10(c). Thereafter, with leave of court, Felix amended his complaint. The sufficiency of the amended complaint is now at issue.[3]
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint, as well as any inferences which may be drawn therefrom in the plaintiffs favor. Eyed v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited. A complaint should not be dismissed unless it appears beyond doubt that there are no set of facts which would entitle the plaintiff to relief. Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see Charbonnier v. Amico, 367 Mass. 146, 152 (1975); Whittnsville Plaza Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
I. The Massachusetts Tort Claims Act
The Massachusetts Torts Claims Act, G.L.c. 258, §4, requires a plaintiff to satisfy certain notice requirements as a condition precedent to filing a tort action against a public employer. The statute requires a claimant to “present” his claim in writing to the executive officer of the public employer that is the potential defendant.
Presentment must be made in “strict compliance with the statute.” Weaver v. Commonwealth, 387 Mass. 43, 47 (1982). “Presentment ensures that the responsible public official receives notice of the claim so that that official can investigate to determine whether or not a claim is valid, preclude payment of inflated or non-meritorious claims, settle valid claims expeditiously, and take steps to ensure that similar claims will not be brought in the future.” Gilmore v. Commonwecdth 417 Mass. 718, 721-22 (1994), quoting Lodge v. District Attorney, 21 Mass.App.Ct. 277, 283 (1985). Although G.L.c. 258, §4 does not specify what information must be included for a sufficient presentment, the letter must contain enough information so that it fairly can be read as disclosing claims subject to suit within the Torts Claims Act. Tambolleo v. Town of West Boylston, 34 Mass.App.Ct. 526, 532-33 (1993).
Relying on Tambolleo, the Commissioners allege that Felix’s presentment letter is inadequate because it failed to apprise them of a negligence claim. Rather, the Commissioners assert, Felix’s letter states a claim based upon an intentional tort, a claim that is expressly excluded from c. 258. In Tambolleo, the plaintiff sued a town for negligent supervision and emotional distress after being assaulted by a police officer. Id. at 527. The presentment letter advised the defendant that a police officer assaulted him and caused bodily injury. Id. at 532. Because the town was notified only of a claim arising out of an intentional tort, the presentment did not “serve to prompt [the town] to investigate the assault for any purpose contemplated under c. 258, §4.” Id. at 532-33. Accordingly, the judgment of dismissal was affirmed.[4]
Reading Felix’s letter in the light most favorable to him, the notice cannot fairly be construed as disclosing claims against the Commissioners for negligently failing to keep Felix safe from harm. Felix’s letter merely advised the Commissioners that, while handcuffed and being transferred between cells, he was injured as a result of being pushed by officers into a wall. “Push” means “to press against with force; to impel by pressure; to drive by steady pressure without striking; ... to make a thrust; ... to press one’s self onward; to force one’s way . . .” New Webster Dictio *244 nary of the English Language 678 (Int. ed. 1969). Nothing in the definition connotes a careless movement. Construing the words of the letter according to common and approved use,[5] Felix’s letter solely delineates a claim for battery, an intentional tort barred by G.L.c. 258, §10(c). Because Felix’s presentment only details a battery, it does not provide the kind of notice that would induce an investigation for any purpose contemplated under c. 258, §4.
Gilmore v. Commonwealth, 417 Mass, at 718, does not require a different result. In Gilmore, the presentment alleged specific acts of negligence. Although the plaintiff later brought an action for negligent infliction of emotional distress not mentioned in the presentment, the Supreme Judicial Court held that the presentment had satisfied the requirements of §4 since it referred to negligent acts actionable under c. 258, and the plaintiffs claim was based on those same alleged negligent acts. The presentment was “not so obscure that educated public officials should find themselves baffled or misled with respect to the [plaintiffs] . . . claim for negligent infliction of emotional distress.” Id. at 723. By contrast, Felix’s letter described only a battery, an invalid claim under c. 258.
II. Civil Rights Claims
In the amended complaint, Felix alleges that the Commissioners, through their agents and employees, interfered with his civil rights by threats, intimidation or coercion in violation of G.L.c. 12, §1II. As the court must accept as true the factual allegations of the complaint, the amended complaint states a claim upon which relief may be granted with respect to c. 12.
Felix also has alleged that the Commissioners failed to properly train and supervise their employees and that this deprived him of his civil rights in violation of 42 U.S.C. §1983. That is enough to state a claim under §1983. Tambolleo, 34 Mass.App.Ct. at 528.
ORDER
For the above reasons, the Court hereby ORDERS that the motion to dismiss of the defendant, Commissioners of Middlesex County, is ALLOWED as to Count I and DENIED as to Counts II and III.

The parties have stipulated to the dismissal of the Middlesex County Sheriffs Department.

The Commissioners do not claim that the presentment is defective because it cites to G.L.c. 259 and not to G.L.c. 258.

Likewise, in Wightman v. Methuen, 26 Mass.App.Ct. 279, 282 (1998), the plaintiff was not permitted to maintain his action under the Tort Claims Act for failure to provide medical attention to an injured elementary school student. The presentment letter had not presented that claim, but notified, instead, defendants of a claim barred by c. 258, § 10(c) as a discretionary function.

In construing words according to the usual and accepted meaning, courts often look to the dictionary definition. Commissioner of Revenue v. AMI-Woodbroke, 418 Mass. 92, 95 (1994); Commonwealthv. Zone Book, Inc., 372 Mass. 366, 369 (1977).