Garsh, J.
Plaintiff John Cuddy (“Cuddy”) filed this action in Superior Court seeking redress for damages flowing from his arrest and alleged beating by Boston Police Officer Tracy Landrum (“Landrum”). The case was removed to the United States District Court for the District of Massachusetts where default judgment entered on all counts against Landrum; the federal district court also dismissed all federal claims against the City of Boston (“City”) and William Parian (“Parian”). All state claims were remanded to the Superior Court where Parian and the City moved for summary judgment. On February 14, 1995, this Court allowed Parian’s motion for summary judgment and partially allowed the City’s motion. The only remaining count is Count XVIII of the Amended Complaint, which purports to assert a claim against the City for negligence under the Massachusetts Torts Claims Act, G.L.c. 258, §2. The City moves, once again, for summary judgment, claiming in this motion that Count XVIII is barred by the plaintiffs failure to make an adequate presentment. For the reasons set forth below, the City’s motion is ALLOWED.
BACKGROUND
The Complaint alleges that, after arresting Cuddy without probable cause and pushing him into a police cruiser, Landrum dragged him out of the vehicle and took him into a cell in a back room where he was slammed by Landrum against a wall and repeatedly struck until he lost consciousness. Paragraph 40 of the Complaint alleges that, pursuant to c. 258, the City is liable for Cuddy’s personal injuries “caused by the negligent and wrongful acts and omission of the defendant, Tracy Landrum, and the Defendants [sic] superior officers of Tracy Landrum in the employ of the City of Boston and more particularly the City of Boston Police Department.” The Complaint did not allege that any presentment was made. Following removal, the City filed an answer in which it denied the allegations in paragraph 40 of the Complaint. The answer also contained the following affirmative defense: “Plaintiff has failed to comply with the notice requirements of M.G.L.c. 258.”
Cuddy sought leave to amend his complaint; that motion was allowed. Paragraph 79 of the Amended Complaint asserts that on or about February 16, 1989, plaintiff delivered a written claim under G.L.c. 258, §2, which was acknowledged and denied. The present *483 ment letter was not annexed. Paragraph 80 the Amended Complaint alleges that the plaintiffs injuries were caused by the negligent acts of the City “acting by and through its servants, agents or employees, specifically the failure adequately to train, test, supervise and discipline the defendant’s police officers and others . . .” In response, the City filed a motion to dismiss the Amended Complaint. The United States District Court dismissed all federal claims and remanded the state law claims to the Superior Court.
The City then moved for summary judgment. That motion did not argue that Count XVIII of the Amended Complaint was barred because of defective presentment. This court allowed the City’s motion for summary judgment with respect to all counts other than Count XVIII. In denying the motion for summary judgment on Count XVIII, the court noted in its decision that the Amended Complaint alleged that presentment was made, but that, on the record before the court, the scope of that presentment was unclear.
Shortly before trial was scheduled to commence, the City filed a second motion for summary judgment in which it claimed that there is no genuine issue that the plaintiff failed to present the negligence claim contained in Count XVIII in his presentment letter dated August 27, 1987. On the day of the hearing, the City filed an emergency motion to file late an answer to the Amended Complaint. That motion was allowed without opposition. The answer denies the allegations of paragraph 79 of the Amended Complaint and includes, as an affirmative defense, the assertion that the plaintiff did not comply with the notice requirements of G.L.c. 258. At the hearing, Cuddy’s counsel stated that the allegation in paragraph 79 of the Amended Complaint, to the effect that the plaintiff had delivered a written claim for compensation under c. 258, §2 to the Ciiy “on or about February 16, 1989,” was incorrect. The parties agreed that Cuddy, through counsel, forwarded a presentment letter to Raymond L. Flynn, Mayor, dated August 27, 1987 (the “Letter”).
The Letter alleges that on October 28, 1986, Cuddy was falsely arrested by Landrum, transported to Area E-13, placed in a cell, thrown against a wall while handcuffed, and repeatedly struck until knocked unconscious by the officer. The Letter further alleges that the “acts and conduct of the Boston Police Officer constituted assault, battery, false imprisonment, intentional mental distress and negligence against him” and that, pursuant to c. 258, the Ciiy is liable for personal injuries “caused by the negligent and wrongful act and omissions of Tracy L. Landrum, a Police Officer, employed by the City of Boston.” The Letter does not make any reference to “the failure adequately to train, test, supervise and discipline the [City’s] police officers and others,” nor does it set forth any facts which form the basis of such claim. It does not refer to any person, by name or position, other than Landrum.
DISCUSSION
The Massachusetts Tort Claims Act requires a plaintiff to satisfy certain notice requirements as a condition precedent to filing a tort action against a public employer. General Laws c. 258, §4 requires a claimant to “present” his claim in writing to the executive officer of the public employer that is the potential defendant.
Presentment must be made in “strict compliance with the statute.” Weaver v. Commonwealth, 387 Mass. 43, 47 (1982). “Underlying that strict, and often harsh, interpretation of the presentment requirement is a recognition of the need for public bodies to make prompt investigations in the interest of disproving fraudulent claims and settling meritorious ones out of court, and the desirability of enabling them to take preventive steps to avoid future claims.” Krasnow v. Allen, 29 Mass.App.Ct. 562, 567 (1990). “Presentment ensures that the responsible public official receives notice of the claim so that that official can investigate to determine whether or not a claim is valid, preclude payment of inflated or nonmeritorious claims, settle valid claims expeditiously, and take steps to ensure that similar claims will not be brought in the future.” Gilmore v. Commonwealth, 417 Mass. 718, 721-22 (1994), quoting Lodge v. District Attorney, 21 Mass.App.Ct. 277, 283 (1985).
Waiver
Relying upon the recent case, G&B Associates, Inc. v. Springfield, 39 Mass.App.Ct. 51 (1995), Cuddy argues that, by not including the presentment issue in its first motion for summary judgment, the City has waived this issue.[2] G&B Associates Inc. dealt with quite a different fact pattern. The complaint in that case alleged timely notice and annexed a copy of the presentment letter. Here, by contrast, the Complaint did not allege presentment either explicitly or in a general fashion by averring that all statutory conditions precedent to recovery have been met. The Amended Complaint alleges presentment on the wrong date. Unlike the denial, coupled with an affirmative defense, made by the City in this action, in G&B Associates, Inc., the city’s answer merely acknowledged receipt of the presentment letter. Id. at 53. More than two years after the date on which the cause of action arose, the ciiy unsuccessfully moved to amend its answer to add affirmative defenses alleging defective presentment. The city’s failure to specifically raise the issue of defective presentment in its answer was deemed to constitute a waiver. Requiring a defendant to raise the issue of defective presentment in its answer ensures that a plaintiff is not lulled into believing that presentment would not be an issue in the case. Vasys v. Metropolitan District Comm’n, 387 Mass. 51, 57 (1982).
Cuddy does not argue that the answers filed by the City contain language that is insufficient to preserve the issue. Rather, Cuddy’s waiver argument is premised entirely on the City’s failure to have moved for summary judgment on presentment. While the Rules of Civil Procedure permit a party to move for summary *484 judgment when there is no material disputed fact and the moving party is entitled to judgment as a matter of law, they do not require such motions to be filed. Certainly, the combining of all legal arguments in one summary judgment motion is to be preferred; failure to do so does not, however, result in waiver of an affirmative defense. Had the City not been permitted to file a second summary judgment motion, it could have proven its affirmative defense at trial and then moved for a directed verdict in its favor. Accordingly, the City did not waive its right to challenge the sufficiency of Cuddy’s presentment.
Adequacy of Presentment
Although G.L.c. 258, §4 does not specify what information must be included for a sufficient presentment, the letter must contain enough information so that it fairly can be read as disclosing claims subject to suit within the Torts Claims Act. Tambolleo v. Town of West Boylston, 34 Mass.App.Ct. 526, 532-33 (1993) (claims for negligent infliction of emotional distress and negligent supervision barred where plaintiffs’ presentment letter merely advised town that they had sustained bodily injury resulting from an assault by a police officer, assault being an intentional tort barred by the Torts Claims Act). A presentment letter will not be deemed sufficient if the town has not been afforded an opportunity to investigate the claim. Wightman v. Town of Metheun, 26 Mass.App.Ct. 279, 281-82 (1988) (claim of negligent failure to secure immediate medical attention brought by elementary school student injured in brawl on school grounds barred because presentment letter only notified town that he had sustained injuries because of the negligent supervision of school officials who failed to prevent the altercation).
Cuddy’s Letter accuses one and only one person of committing an act resulting in harm to the plaintiff, namely Police Officer Landrum. It seeks to hold the City liable solely for the acts of Landrum. No claim— with or without facts — is asserted for failure adequately to train, test, supervise and discipline the City’s police officers and others. Nothing in the Letter puts the City on notice that relief for something more than violent actions by Landrum is being sought.
Cuddy argues that the Letter should be read in conjunction with other documents in the possession of the Boston Police Department, such as Landrum’s report, a Boston Police Department Incident report, a memorandum from Sergeant Parian to Deputy Superintendent Saia and a report from Deputy Superintendent Saia to Police Commissioner Roache. It is undisputed that none of these documents were physically attached to or referenced in Cuddy’s Letter. This case, thus, is unlike Gilmore, 417 Mass. at 718, where a presentment letter, read in connection with the allegations of an attached complaint, set forth the predicate facts giving rise to the plaintiffs claim. The recipient of a presentment letter is not obligated to search an agency’s files to ferret out documents that, if drawn to the recipient’s attention, might put that person on notice of claims other than those set forth in the presentment letter. The Legislature has allocated the burden to potential plaintiffs to make known to designated public officials the existence of claims so that those officials may investigate them. In contrast to Gilmore, this is a case where public officials were likely to be “baffled or misled,” id. at 723, as to Cuddy’s claims for negligent training, testing, supervision and discipline.
ORDER
For the reasons set forth above, the Court hereby ORDERS that the City’s second motion for summary judgment is ALLOWED.

At oral argument, Cuddy also argued waiver by virtue of the City’s failure to raise defective presentment in its motion to dismiss the Amended Complaint filed in federal court. The presentment letter was not attached to the Complaint. Accordingly, defective presentment could not have been raised in that motion. Moreover, lack of compliance with the notice provisions of c. 258 is not the type of defense that is waived if not included in a Rule 12(b) motion filed in federal court. See F.R.Civ.P. 12(h)(l)(2).