NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-667

JOHN NEWMAN

vs.

COMMONWEALTH OF MASSACHUSETTS & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Alleging he was injured by officers of the Middlesex House of Correction (MHOC) in June or July 2015, the plaintiff, John Newman, filed a complaint in June 2018 against the MHOC and unnamed "John Doe" officers, claiming violations of 42 U.S.C. § 1983, assault and battery, negligence, and negligent infliction of emotional distress.[2]  A Superior Court judge allowed the defendants' motion for summary judgment in April

---

[1] Middlesex House of Corrections, John Doe officers, and Kathleen Waterhouse.  The plaintiff filed a notice of settlement with defendant Waterhouse, and all claims against her were dismissed with prejudice.

[2] The plaintiff later amended the complaint to include the Commonwealth as a defendant.

2024, and the plaintiff filed a timely notice of appeal.  We affirm.

Discussion.  "The standard of review of a grant of summary judgment is whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to judgment as a matter of law" (citation omitted).  Dorchester Mut. Ins. Co. v. Miville, 491 Mass. 489, 492 (2023).  Our review is de novo.  See Gotay v. Creen, 495 Mass. 537, 544 (2025).

1.  John Doe defendants.  The judge granted the defendants' motion for summary judgment on all claims against the John Doe defendants individually because the plaintiff failed to identify or serve the complaint on the specific officers involved in the incident.  Without a single citation to legal authority or to the record, the plaintiff argues that this was error because the defendants impeded the discovery of information that would have allowed him to identify the officers and because the defendants relied entirely on Federal and other State court decisions. "Briefs that limit themselves to 'bald assertions of error' that 'lack[] legal argument . . . '[do not] rise[] to the level of appellate argument' required by rule 16."  Kellogg v. Board of Registration in Med., 461 Mass. 1001, 1003 (2011), quoting Zora v. State Ethics Comm'n, 415 Mass. 640, 642 n.3 (1993).  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628

2

(2019) (argument section must contain "the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities and parts of the record on which the appellant relies. The appellate court need not pass upon questions or issues not argued in the brief"). To the extent we are able to consider the plaintiff's arguments, we discern no merit.

In the context of claims under 42 U.S.C. § 1983, "only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable." Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005). "It is axiomatic that the liability of persons sued in their individual capacities under section 1983 must be gauged in terms of their own actions." Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999). Here, as in Figueroa v. Rivera, 147 F.3d 77, 82-83 (1st Cir. 1998), the plaintiff's failure to name or identify any individual officer involved in the incident is fatal to his claims based on their conduct.[3]

To the extent the plaintiff asserts he was "stymied by defense tactics," and that he should be permitted to conduct

---

[3] "Although we are not bound by decisions of Federal courts (other than the United States Supreme Court) on matters of Federal law, we give respectful consideration to such lower Federal court decisions as seem persuasive" (quotations and citations omitted). ACE Prop. & Cas. Ins. Co. v. Commissioner of Revenue, 437 Mass. 241, 248 n.8 (2002)

discovery by calling witnesses at trial, the judge carefully considered and reasonably rejected these arguments. The underlying incidents occurred in 2015, the complaint was filed in 2018, and the discovery deadline was extended multiple times into 2023. The plaintiff did not file a motion to compel, nor did he seek to utilize the remedy available to him under Mass. R. Civ. P. 56 (f), 365 Mass. 824 (1974). "In general, discovery matters are committed to the sound discretion of the trial judge." Buster v. George W. Moore, Inc., 438 Mass. 635, 653 (2003). "We will uphold discovery rulings unless the appellant can demonstrate an abuse of discretion that resulted in prejudicial error." Id. We discern no abuse of discretion here. A judge "otherwise prepared to act on dispositive motions is not obligated to 'wait indefinitely for [the plaintiff] to take steps to identify and serve . . . unknown defendants." Figueroa, 147 F.3d at 83, quoting Glaros v. Perse, 628 F.2d 679, 685 (1st Cir. 1980).[4]

---

[4] The plaintiff further argues that the John Doe officers, acting in their individual capacities when they assaulted him, are not entitled to qualified immunity for their intentional misconduct. Because summary judgment was properly entered against the John Doe defendants based on the plaintiff's failure to identify them, we need not address whether summary judgment was also appropriate under the doctrine of qualified immunity. Moreover, even if it was reasonably foreseeable that the John Doe defendants' actions would have caused the plaintiff emotional distress, see Payton v. Abbott Labs, 386 Mass. 540, 557 (1982), it is still the case that "[i]dentification of the party responsible for causing injury to another is a

4

2. _Negligence claims_.  The plaintiff asserts that even if he cannot proceed against the John Doe defendants individually, his negligence and negligent infliction of emotional distress claims against the Commonwealth should survive because he "took measures to place the Defendants on notice of his claims, which met the minimum requirements provided under law."  The plaintiff cites only one case for this proposition and does not identify the measures that he took or supply record citations to back up this assertion.

"The Massachusetts Torts Claim Act (act) makes public employers liable for . . . personal injury . . . caused by the negligence or wrongful conduct of public employees acting within the scope of their employment."  _Drake_ v. _Leicester_, 484 Mass. 198, 199 (2020).  "A claimant cannot institute a civil action against a public employer for damages 'unless the claimant shall have first presented [her] claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose."  _Id._, quoting G. L. c. 258, § 4.  "Presentment must be made 'in strict compliance with the statute.'"  _Gilmore_ v. _Commonwealth_, 417 Mass. 718, 721 (1994), quoting _Weaver_ v. _Commonwealth_, 387 Mass. 43, 47 (1982).  The _Gilmore_ case, cited by the plaintiff, held that a

_____

longstanding prerequisite to a successful negligence action," _id._ at 571.

5

presentment letter that enclosed and incorporated by reference a Federal complaint was sufficient to put the Commonwealth on notice of the plaintiff's claims.  See Gilmore, supra at 722-723.  Gilmore does not help the plaintiff here, because the record is devoid of any evidence, or even an allegation, that he ever served the Commonwealth with a presentment letter, let alone prior to June 2017.  "Proper presentment is . . . a condition precedent to bringing suit under the act, and failure to do so is fatal to the plaintiff's complaint."  Drake, supra.

Judgment affirmed.

By the Court (Massing, Hand & Hershfang, JJ.[5]),

Clerk

Entered:  July 31, 2025.

---

[5] The panelists are listed in order of seniority.

6