STASIA ANTONIO *vs.* CITY OF PEABODY & another.[1]

No. 99-P-415.

Essex. January 5, 2001. - May 24, 2001.

Present: JACOBS, LENK, & BECK, JJ.

*Governmental Immunity. Massachusetts Tort Claims Act. Practice, Civil,* Presentment of claim under Massachusetts Tort Claims Act. *Municipal Corporations,* Mayor.

Discussion of the presentment requirement under § 4 of the Massachusetts Tort Claims Act, G. L. c. 258. [656-658]

In an action brought under the Massachusetts Tort Claims Act, G. L. c. 258, §§ 1 et seq., against the city of Peabody and one of its public agencies, presentment made by the plaintiff on the nominal chief executive officer of the public agency did not constitute presentment on the city within the meaning of § 4 of the act, with the result that summary judgment was warranted in favor of the city. [658-660]

The record before a motion judge was insufficient to allow the grant of summary judgment in favor of a defendant on the ground that it had not been properly named as a party. [660]

CIVIL ACTION commenced in the Superior Court Department on February 9, 1998.

The case was heard by *Peter F. Brady,* J., on a motion for summary judgment.

Leave to prosecute an interlocutory appeal was heard by *Brown,* J.

*Jonathan M. Silverstein* for the defendants.

*Emmanuel N. Papanickolas* for the plaintiff.

LENK, J. The defendants, city of Peabody (city) and Peabody Council on Aging (council), were given leave by a single justice of this court to take an interlocutory appeal from the denial of their motion for summary judgment. On appeal, they maintain that they are entitled to summary judgment because, as to the

---

[1]Peabody Council on Aging.

city, the plaintiff failed to comply with the presentment require-
ment set forth in G. L. c. 258, § 4, and is thus barred from
maintaining this action. The defendants also contend that sum-
mary judgment should have entered for the council, an agency
of the city, dismissing it as an improperly named party.

*Background.* The pertinent undisputed facts are these. Antonio
claims that on February 10, 1995, while a passenger in a council
motor vehicle driven by a council employee, she sustained
injuries when the negligently operated vehicle crashed into a
snowbank. On February 12, 1996, she made presentment by let-
ter upon the council's director; she did not at any time serve
such a letter upon the city's mayor, the city clerk or upon the
city solicitor. The council is a fully public agency of the city
and its director has no authority to compromise or settle claims
on behalf of the city or any city department or agency.[2]

*Analysis.* The Massachusetts Tort Claims Act (Act), G. L.
c. 258, §§ 1 et seq., is explicit in its requirement that no civil
action may be maintained against a "public employer" for
injury caused by the negligent or wrongful conduct of a public
employee "unless the claimant shall have first presented his
claim in writing to the executive officer of such employer within
two years after the date upon which the cause of action arose
. . . ." G. L. c. 258, § 4, first par., as inserted by St. 1978,
c. 512, § 15. Proper presentment is a condition precedent to
bringing suit under the Act. *Krasnow* v. *Allen,* 29 Mass. App.
Ct. 562, 566 (1990). Strict compliance with this notice
prerequisite is necessary. See, e.g., *Weaver* v. *Commonwealth,*
387 Mass. 43, 47 (1982).

Section 1 of the Act, as amended by St. 1993, c. 110, § 227,
defines "public employer" as including

> "the commonwealth and *any* county, *city,* town, educa-
> tional collaborative, or district, including any public health
> district or joint district or regional health district or
> regional health board established pursuant to the provi-
> sions of section twenty-seven A or twenty-seven B of
> chapter one hundred and eleven, *and any* department, of-
> fice, commission, committee, *council,* board, division,

---

[2]See note 4, *infra.*

bureau, institution, *agency* or authority *thereof* including a local water and sewer commission including a municipal gas or electric plant, department, board and commission, which exercises direction and control over the public employee, but not a private contractor with any such public employer, the Massachusetts Bay Transportation Authority, the Massachusetts Port Authority, the Massachusetts Turnpike Authority, or any other independent body politic and corporate. With respect to public employees of a school committee of a city or town, the public employer for the purposes of this chapter shall be deemed to be said respective city or town." (Emphasis supplied.)

It is upon the "executive officer of such public employer" that presentment is to be made. G. L. c. 258, § 4. Section 1 defines this term as

"the secretary of an executive office of the commonwealth, or in the case of any agency not within the executive office, the attorney general; the adjutant general of the military forces of the commonwealth; the county commissioners of a county; *the mayor of a city, or as designated by the charter of the city*; the selectmen of a town or as designated by the charter of the town; and the board, directors, or committee of a district in the case of the public employers of a district, *and, in the case of any other public employer, the nominal chief executive officer or board*" (emphasis supplied).

While the first paragraph of § 4 requires that presentment be made upon the "executive officer" of the "public employer" as those terms are defined in § 1, the later enacted second paragraph of § 4, as amended by St. 1989, c. 161, contains this language:

"*Notwithstanding the provisions of the preceding paragraph, in the case of a city* or town, *presentment* of a claim pursuant to this section *shall be deemed sufficient if presented to any of the following*: *mayor, city manager*, town manager, *corporation counsel, city solicitor*, town counsel, *city clerk*, town clerk, chairman of the board of selectmen, or executive secretary of the board of selectmen; provided, however, that in the case of the com-

monwealth, or any department, office, commission, committee, council, board, division, bureau, institution, agency or authority thereof, presentment of a claim pursuant to this section shall be deemed sufficient if presented to the attorney general" (emphasis supplied).

The nub of the dispute before us is upon whom presentment may be made in the case of the city. The defendants contend that it may only be made upon the mayor, city solicitor, or city clerk.[3] The plaintiff, however, contends that these three public officials do not exhaust the category of "executive officer" of the city. The council, she reasons, as a public agency of the city, can itself be considered a "public employer" under § 1. As such, it falls under the rubric of "any other public employer" in § 1, for the purpose of determining its executive officer, i.e., "in the case of any other public employer, the nominal chief executive officer or board" is the "executive officer." The council's "nominal chief executive officer" is its director, upon whom presentment was made, thereby satisfying — argues plaintiff — the presentment requirement as to both the city and its public agency.

1. In considering whether presentment on the city was effective when made only on its public agency, we look to the plain language of §§ 1 and 4. Section 1 is clear that a city is a "public employer" and that its "executive officer" is its mayor or "as designated by the charter of the city." Section 4 requires a claimant to make presentment upon a public employer's "executive officer"; in the case of a city, as provided by § 1, that is its mayor (or as may otherwise be designated in its charter) and, by virtue of the second paragraph of § 4, inserted in 1988 and amended in 1989, its mayor, city manager, corporation counsel, city solicitor and city clerk. The statute designates no other category of person as a city's "executive officer." Notwithstanding this, the plaintiff suggests that the statutory designation of specific categories of persons as a city's "executive officer" is illustrative but not exhaustive and may include the nominal chief executive officer of one of the city's public agencies.

The argument that the plaintiff advances is flawed. We may

---

[3]The city of Peabody does not have a city manager or corporation counsel.

assume for the sake of this analysis that the council is, as plaintiff suggests, a "public employer" in its own right and, as such, that it stands alone for the purpose of receiving — through its own "executive officer" — notices of presentment. The difficulty is that presentment thus made would appear to be made only upon the council and not upon the city, a separate and distinct "public employer" with its own designated "executive officer" under §§ 1 and 4. The plaintiff glosses over this conundrum, claiming that at the same time that the council is a distinct "public employer," it is somehow not distinct and separate from the city at all, but rather its alter ego, on whose behalf it may receive notices of presentment. The argument is unpersuasive and fails. Presentment upon one is not presentment on the other.

Otherwise put, if suit is to be brought against the city, presentment is to be made upon its mayor or, given the amended § 4, upon its city solicitor or clerk. If suit is to be brought against the council as a city agency, a separately denominated "public employer," presentment is to be made upon its nominal chief executive officer or board. To the extent that Antonio wished to bring suit against the city — and not just against the council — she was required to make presentment upon either the mayor, the city solicitor or the city clerk in order to do so. Presentment upon the council's nominal chief executive officer does not suffice as presentment upon the city.

That presentment may not be made upon the public employer city by presenting the claim to the chief executive officer of a separately denominated public employer is evident from both a straightforward reading of the statute and from the purpose of the presentment requirement itself.

> "The Act requires presentment to the official who has the authority to settle a claim before suit is instituted. . . . Thus, without an actual presentment made in strict compliance with the statute, the executive officer with the authority to settle a claim could not be assured of an adequate opportunity to investigate the circumstances surrounding that claim in order to determine whether an offer of settlement should be made. In addition, the individual to whom presentment must be made is that officer charged with the

over-all financial and budgetary responsibility for the agency or department whose employees' actions allegedly gave rise to the plaintiff's claim."

*Weaver* v. *Commonwealth*, 387 Mass. at 47-48. See *Gilmore* v. *Commonwealth*, 417 Mass. 718, 721-722 (1994). It is undisputed that, here, the director of the council is without authority to compromise or settle claims on behalf of the city. Presentment upon the council, if deemed sufficient presentment upon the city, would thwart the very purpose presentment is to serve. Summary judgment as to the city was accordingly improvidently denied. Any question as to whether presentment upon the council's director was also defective, assuming again that the council as city agency may be a "public employer," has not been addressed by the parties and is not before us.

2. The defendants contend, however, that the judge erred in denying summary judgment on the council's behalf because it is not properly named as a party distinct from the city and is not subject to suit. While this may very well prove to be the case, the record before the judge was inadequate to the task. All that the record discloses about the council is that it is a fully public agency of the city, that it from time to time operates vehicles presumably benefitting the city's elderly, and that its director has no authority to compromise and settle claims on behalf of the city or any city department or agency.[4] Nothing further is known about the council as an entity allegedly distinct from the city, as to, for example, its status, functions, autonomy, operations, finances, management and the like. We discern no error, on the basis of such a barren showing, in the judge's denial of summary judgment as to the council.

3. *Conclusion.* The order denying the motion for summary judgment as to the city is reversed and a new order shall enter allowing the motion. The order denying the motion for summary judgment as to the council on the issue of whether it is a properly named defendant is affirmed.

*So ordered.*

---

[4]The affidavit from which the latter statement is drawn says nothing about whether the council director has authority to compromise and settle claims on behalf of the council itself.