WARREN G. LODGE *vs*. DISTRICT ATTORNEY FOR THE SUFFOLK
DISTRICT & another.[1]

Suffolk.   October 29, 1985. — December 20, 1985.

Present: GREANEY, C.J., PERRETTA, & KASS, JJ.

*District Attorney. Massachusetts Tort Claims Act.*

Presentment of a claim against a district attorney under the Massachusetts
Tort Claims Act must be made to the Attorney General, rather than to
the district attorney. [279-285]

CIVIL ACTION commenced in the Superior Court Department
on August 17, 1983.

A motion for summary judgment was heard by *Andrew Gill
Meyer*, J.

*Bruce T. Macdonald* for the plaintiff.
*Vincent L. DiCianni*, Assistant Attorney General, for the
District Attorney for the Suffolk District.

GREANEY, C.J.   This appeal poses the following question:
In a claim under G. L. c. 258 (the Massachusetts Tort Claims
Act) against the district attorney for the Suffolk District, who
is the proper person to receive presentment of the claim as
required by § 4 of G. L. c. 258 — the district attorney or the
Attorney General? A judge of the Superior Court determined
that the Attorney General is the proper person for presentment.
Because the plaintiff had made presentment to the district at-
torney, the judge concluded that the plaintiff's suit against the
district attorney should be dismissed. We affirm.

On August 17, 1983, the plaintiff, Lodge, filed a complaint
in the Superior Court asserting claims against the district attor-
ney for the Suffolk District and the Commonwealth's Executive
Office of Human Services, respectively. The claims alleged

[1] The Secretary of Human Services.

that the district attorney and the Secretary of Human Services (acting through their respective agents and employees) had unlawfully released to a named third person information contained in a confidential mental health evaluation of the plaintiff prepared by staff members at the Bridgewater State Hospital. The complaint further alleged that the release of this confidential information led to the plaintiff's criminal prosecution in the Boston Municipal Court on a charge (according to attachments to the complaint) of making annoying telephone calls. The plaintiff was eventually exonerated of the charge.[2] The gist of the plaintiff's claims appears to be that had the information been kept confidential (as he asserts it should have been), no prosecution would have ensued. The trials having occurred and having ultimately terminated in his favor, he claims he should recover damages for his expenses and emotional distress.

The plaintiff's attorney made presentment of his claims to the presently serving district attorney for the Suffolk District and to the Secretary of Human Services. The Attorney General appeared on behalf of both defendants and moved under Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974), to dismiss the claim against the district attorney on the ground that presentment should have been made to the Attorney General.[3] The sub-

---

[2] The plaintiff was originally tried and convicted of the charge and given a suspended sentence. In an unpublished decision (the disposition of the case is reported at *Commonwealth* v. *Lodge,* 14 Mass. App. Ct. 1305 [1982]), this court reversed the conviction and set aside the verdict. In a subsequent retrial, the plaintiff was acquitted.

[3] In his rule 12(b)(6) motion, the Attorney General did not raise as a basis for dismissing the claim against the district attorney the possibility that the conduct of the district attorney claimed to be wrongful might be protected by the broad State law immunity that covers actions of district attorneys in the discharge of their official duties. See *Chicopee Lions Club* v. *District Attorney for the Hampden Dist.,* 396 Mass. 244, 251-252 (1985). It may be that the generally worded claim against the district attorney in this case does not provide enough information to ascertain whether any of the conduct of the district attorney which is claimed to be wrongful is cloaked with immunity. In this respect, the case differs from the *Chicopee Lions Club* case, *supra,* where an apparently fairly detailed complaint supplied enough information for a court to determine that immunity applied. In any event, the Attorney General's decision not to raise immunity takes the issue out

mission of additional material (an affidavit from the keeper of records of the Attorney General's civil bureau) on the 12(b)(6) motion transformed the motion into one for summary judgment pursuant to Mass.R.Civ.P. 56(b), 365 Mass. 824 (1974), which the judge allowed in favor of the district attorney. Judgment dismissing the claim against the district attorney was entered pursuant to Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974), and the plaintiff appealed.[4]

General Laws c. 258, § 4, as appearing in St. 1978, c. 512, § 15, prohibits the institution of a civil claim for damages against a public employer[5] "unless the claimant shall have first presented his claim in writing to the *executive officer of such public employer* within two years after the date upon which the cause of action arose . . ." (emphasis supplied). Section 1, as amended through St. 1981, c. 403, defines the term "[e]xecutive officer of a public employer" as "[1] the secretary of an executive office of the commonwealth, or [2] in the case of

of the instant case at this point.

We note also that there appears to be no dispute that the plaintiff made proper presentment to the Secretary of Human Services with respect to the claim against that defendant.

[4] We think that the judge's certification under rule 54(b) permitting early entry of judgment is justifiable despite the plaintiff's still pending claim against the Executive Office of Human Services. The question of who is the proper party for presentment under G. L. c. 258, § 4, in various situations has caused a considerable amount of litigation. This case raises yet another unresolved issue in connection with the presentment requirement. Resolving the question will help alleviate uncertainty and confusion, and may eliminate some future litigation. See and compare *Wellesley College* v. *Attorney Gen.,* 313 Mass. 722, 731 (1943).

[5] Section 1 of G. L. c. 258, as amended through St. 1981, c. 403, defined the term "public employer" as "the commonwealth and any county, city, town or district, including any public health district or joint district or regional health district or regional health board established pursuant to the provisions of [G. L. c. 111, §§ 27A or 27B], and any department, office, commission, committee, council, board, division, bureau, institution, agency or authority thereof which exercises direction and control over the public employee, but not a private contractor with any such public employer, the Massachusetts Bay Transportation Authority, the Massachusetts Port Authority, the Massachusetts Turnpike Authority, or any other independent body politic and corporate. With respect to public employees of a school committee or a city or town, the public employer for the purposes of this chapter shall be deemed to be said respective city or town."

an agency not within the executive office, the attorney general; [3] the adjutant general of the military forces of the commonwealth; [4] the county commissioners of a county; [5] the mayor of a city, or as designated by the charter of the city; the selectmen of a town or as designated by the charter of the town; and the [6] board, directors, or committee of a district in the case of the public employers of a district, and, [7] in the case of any other public employer, the nominal chief executive officer or board." (Bracketed numbers supplied for later reference.) The designation in the statute of seven specific drop points for presentment appears intended to simplify the presentment requirement so that an otherwise meritorious claim against an instrumentality of State, county, or municipal government will not be dismissed on the basis of technical error.

The office of the district attorney for the Suffolk District clearly is not part of any of the executive offices of the Commonwealth. The various executive offices are created by G. L. c. 6A, § 2,[6] and other provisions of c. 6A set out the government instrumentalities that fall under the umbrella of certain executive offices.[7] The office of a district attorney is not strictly an instrumentality of county[8] or municipal government, and thus does not fall under either [4] of the definition above, requiring

---

[6] General Laws c. 6A, § 2, as appearing in St. 1982, c. 668, § 2, read as follows: "There are hereby established the following executive officers, each of which shall serve directly under the Governor: communities and development, consumer affairs, energy resources, environmental affairs, human services, elder affairs, manpower affairs, labor, public safety and transportation and construction."

[7] As of August, 1983, the agencies within seven of the executive offices were set out in the following sections of G. L. c. 6A: communities and development, § 8; consumer affairs, § 9; human services, § 16; manpower affairs, § 17; labor, § 17B; public safety, § 18; transportation and construction, § 19.

[8] By G. L. c. 12, § 13, as appearing in St. 1980, c. 231, § 1, eleven districts to be headed by district attorneys are created by the Legislature "[f]or the administration of the criminal law, or for the defense of civil actions brought pursuant to [G. L. c. 258]." Several of these districts combine different counties or municipalities, i.e., the Cape and Islands District, which encompasses Barnstable, Nantucket and Dukes counties; the Middle District, which includes Worcester county but excludes the town of Athol; and the Northwestern District, which encompasses Franklin and Hampshire counties as well as the town of Athol.

presentment to the county commissioners, or [5] of the definition above, requiring presentment to the chief executive officer of the appropriate municipality. The essential inquiry in the case therefore becomes whether the office of the district attorney is "an agency not within the executive office" so as to have required presentment to the Attorney General (see [2] in the definition above) or whether the office is more properly characterized as an independent government instrumentality so as to have required presentment under the last clause (see [7] of the definition above) to the district attorney himself as "the nominal chief executive officer."

We think the office of the district attorney for the Suffolk District is more properly denominated a State "agency" for the purpose of presentment under G. L. c. 258, § 4. To be sure, the district attorney is given considerable autonomy within his own district.[9] In general, he manages his office by hiring and supervising personnel, by preparing a budget, by attending to the daily affairs of the office, and by investigating alleged offenses in order to determine whether they ought to be prosecuted. Nevertheless, the predominant functions of the district attorney, to which his other functions are subordinate, are: (1) to "appear for the [C]ommonwealth in the [S]uperior [C]ourt in all cases, criminal or civil, in which the [C]ommonwealth is a party or interested . . .," G. L. c. 12, § 27; (2) to appear for the Commonwealth in jury-of-six cases in the District Courts, G. L. c. 218, § 27A(g); and (3) to appear, in his discretion, for the Commonwealth in other criminal cases in the District Courts. See *Burlington* v. *District Attorney for the No. Dist.,* 381 Mass. 717, 719-720 (1980). These specific assignments reflect legislative recognition that the district attorney is concerned primarily with the protection of the public, "a subject

---

[9] Nothing can turn on the fact that under G. L. c. 54, § 154, the district attorney is elected by the voters of the Suffolk District. The definitions of "public employer," "public employee," and "executive officer of a public employer" attach no significance to the difference between elected and appointed public officers and employees. See *Pruner* v. *Clerk of the Superior Court in the County of Norfolk,* 382 Mass. 309, 314-315 (1981); G. L. c. 258, § 1. See also *Commonwealth v. Kozlowsky,* 238 Mass. 379, 389-390 (1921).

which concerns the welfare of the entire Commonwealth and transcends the internal interests of the several districts into which the State is divided for the election of district attorneys." *Commonwealth* v. *Kozlowsky,* 238 Mass. 379, 389 (1921).

Moreover, in the exercise of these functions the district attorneys are not "independent public officers free from effective supervision." *Id.* Rather, the Attorney General is "the chief law officer of the Commonwealth." *Id.* As such, the Attorney General "may supersede a district attorney as prosecutor, whether in the Superior Court or the District Court." *Burlington* v. *District Attorney for the No. Dist.,* 381 Mass. at 719-720. In the handling of cases, the district attorney is subject to the control of the Attorney General, when present. G. L. c. 12, § 27. See *Commonwealth* v. *Kozlowsky,* 238 Mass. at 387-388, 389-391. The Attorney General is also to advise a district attorney as to the defense of civil actions under the Massachusetts Tort Claims Act (G. L. c. 258), see G. L. c. 12, § 6, as amended by St. 1978, c. 512, § 2; G. L. c. 258, § 1, third par.; and G. L. c. 12, § 13, as appearing in St. 1980, c. 231, § 1, and may call district attorneys into conference to discuss law enforcement objectives.[10] Further, a district attorney can be called upon to aid the Attorney General when the latter requires assistance and to perform such duties of the Attorney General as are not required of him personally. G. L. c. 12, § 27. From time to time a district attorney may be appointed to handle a criminal case as a special assistant attorney general.[11]

---

[10] General Laws c. 12, § 6A, as amended by St. 1954, c. 654, provides, in part, that the Attorney General "may from time to time, and as often as occasion may require, call into conference the district attorneys . . . for the purpose of discussing the duties of [the district attorneys'] offices with a view to the uniform and adequate enforcement of the laws of the [C]ommonwealth."

[11] Here we can distinguish the principal case relied upon by the plaintiff. We do not agree with the plaintiff that the reference in *Attorney Gen.* v. *Tufts,* 239 Mass. 458, 479 (1921), to district attorneys as local prosecuting officers has relevance. The *Tufts* case was concerned with the question whether district attorneys constituted "officers of the [C]ommonwealth" for the purposes of the impeachment provisions of c. 1, § 2, art. 8, of the Massachusetts Constitution. The conclusion that they were not such officers simply recognized that many officers who perform important

The office of a district attorney has other significant connections with the State which indicate that the office's function is more a State than an independent one. These include the payment of the salaries of the district attorneys, and their assistants and employees, by the Commonwealth,[12] the requirement that the district attorneys account to the Commonwealth for their expenses,[13] and the requirement that district attorneys prepare a yearly budget which constitutes part of the budget submitted by the judicial branch of State government and which is subject to annual appropriation by the Legislature.[14]

Finally, designating the Attorney General as the proper person for presentment comports with the purposes of the presentment requirement. Presentment ensures that the responsible public official receives notice of the claim so that that official can investigate to determine whether or not a claim is valid, preclude payment of inflated or nonmeritorious claims, settle valid claims expeditiously, and take steps to ensure that similar claims will not be brought in the future. See *Weaver* v. *Commonwealth,* 387 Mass. 43, 47-48 (1982). The Attorney General is clearly in a position to accomplish these purposes. He has the investigatory power and resources to determine the validity of a claim against a district attorney. In his role as counsel for a district attorney, the Attorney General can independently determine whether the public interest would be served by settlement of the claim.[15] Working with a district attorney, the Attor-

---

duties on behalf of the State do not fall within the narrow class of officers contemplated by the constitutional provision. *Id.* at 478-479.

[12] See G. L. c. 12, §§ 15 & 16, 19-20A, & 22.

[13] See G. L. c. 12, §§ 23-25A & 29.

[14] See, e.g., St. 1984, c. 234.

[15] The *Weaver* case, *supra,* also refers (at 47-48) to the person for presentment being "that officer charged with the overall financial and budgetary responsibility for the agency or department whose employees' actions allegedly gave rise to the plaintiff's claim. . . . The highest officer of an executive department, . . . [can] make provision, during the budgetary process, for the payment of valid claims . . . ." This statement was made in the context of claims against agencies falling within the Executive Office of Human Services. In that context, the Secretary of Human Services would have over-all financial and budgetary responsibility over agencies and de-

ney General can also recommend, and if need be implement or assist in implementing, changes or procedures necessary to prevent future claims. Recognizing that no sharp criteria can be formulated to settle all questions about the proper officer for presentment, we think the circumstances described above make the Attorney General the proper party for presentment of a claim against a district attorney under c. 258, § 4.[16]

Presentment is a statutory condition precedent to recovery under c. 258. *Vasys* v. *Metropolitan Dist. Commn.,* 387 Mass. 51, 55 (1982). A plaintiff must demonstrate that he has properly complied with the presentment requirement when the defendant raises the issue in a timely manner. See *Moran* v. *Mashpee,* 17 Mass. App. Ct. 679, 681 (1984). The issue was so raised in this case, and it has been shown that the plaintiff's present-

partments within the office's supervision. This is not necessarily the case with a district attorney, whose budget, although prepared by him, may fall under the control of the judiciary by reason of its inclusion within the over-all budget of the judiciary. In this case, we do not view the language in *Weaver,* quoted above, as supporting a conclusion that presentment should have been made to the district attorney.

[16] In reaching this conclusion, we express no opinion on whether the last clause in the definition of "[e]xecutive officer" (see [7] in the definition above, at 280) might apply, in some circumstances, to officers of the government of the Commonwealth.

Nor do we imply that the district attorney may be the agent of the Commonwealth for purposes of making the latter liable for his actions. Our holding is strictly limited to the question of identifying the proper party for presentment in a claim under c. 258 against a district attorney.

ment was improper.[17] Accordingly, his action against the district attorney for the Suffolk District fails.

*Judgment affirmed.*

---

[17] The plaintiff does not argue that the defendant did anything which caused him to believe that he had made proper presentment or which would give reason to bar the defendant from raising the issue of presentment. See *Vasys* v. *Metropolitan Dist. Commn., supra* at 56-57. There are none of the unusual circumstances present in this case which were present in *White* v. *Metropolitan Dist. Commn., ante* 106, 109 (1985), which caused this court to bar the defendant from raising the issue of presentment because "during the critical two-year period, the plaintiffs . . . were lulled into believing that proper presentment of their claim under G. L. c. 258, § 4, would not be an issue in the case." *Id.* at 110. In this case, the acts giving rise to the claim occurred on December 4, 1980, presentment to the district attorney was made on December 8, 1981, and the lawsuit was filed on August 17, 1983. The time for making proper presentment ended on December 4, 1982. The Attorney General filed his motion to dismiss promptly after the complaint was filed.