SHEILA MARTIN[1] *vs.* COMMONWEALTH.

No. 99-P-1261.

Suffolk. October 17, 2001. - January 8, 2002.

Present: LAURENCE, GRASSO, & KANTROWITZ, JJ.

*Massachusetts Tort Claims Act. Notice,* Claim under Massachusetts Tort Claims Act. *Practice, Civil,* Presentment of claim under Massachusetts Tort Claims Act.

Discussion of the requirements under G. L. c. 238, § 4, of a presentment in a civil action instituted against a public employer. [528-529]

In a civil action brought against the Commonwealth, a letter sent by the plaintiff's attorney to the proper executive officer constituted a sufficient presentment of the plaintiff's individual claims as well as those she was bringing on behalf of her children, where the letter identified the legal basis of the claims, all theories of liability for which were premised upon the same facts, and gave the executive officer an opportunity to investigate, evaluate, settle, and avoid further liability; although the letter did not state explicitly that the plaintiff was presenting particularized claims on behalf of the children and herself individually, neither did it explicitly limit the claims to those of the children, and under the circumstances giving rise to the complaint, the officer could have inferred that the plaintiff had suffered individual injuries along with her children, and could have conducted one investigation for all the claims. [529-532]

CIVIL ACTION commenced in the City of Boston Division of the Housing Court Department on April 24, 1989.

The case was heard by *Jeffrey M. Winik,* J., on a motion for summary judgment.

*Stephen Hrones* for the plaintiff.

*Beverly Coles-Roby,* Assistant Attorney General, for the Commonwealth.

GRASSO, J. Presentment of a claim under the Massachusetts Tort Claims Act is a condition precedent to suit more easily

[1]Individually and as parent and next friend of Angelica Barboza and Robert John Barboza.

expressed than effectuated. See G. L. c. 258, § 4. See also *Vasys* v. *Metropolitan Dist. Commn.*, 387 Mass. 51, 52 (1982). We consider in this appeal whether a letter sent on behalf of a mother and her two children sufficed as a presentment of the mother's individual claims for negligent infliction of emotional distress and loss of consortium arising from the children's ingestion of lead paint. We conclude that because the theories of liability of both the mother's and the children's claims were based upon the same facts and afforded the executive officer adequate opportunity to investigate, the letter constituted a sufficient presentment. Accordingly, we reverse the summary judgment entered in favor of the Commonwealth by the Housing Court.

1. *Background facts.* We set out the facts available to the judge in ruling on the motion for summary judgment. On June 22, 1989, counsel for Sheila Martin, the mother of Angelica Barboza and Robert John Barboza, sent a letter captioned "Claim for damages under M.G.L. c. 258, s. 2" to the Secretary of the Executive Office of Communities and Development (EOCD). The letter began, "I represent Ms. Sheila Martin, the mother of two children who were poisoned by the ingestion of lead contained in paint found in their apartment at 486 Warren Street, Apartment 2, Dorchester, MA." The letter informed that on December 1, 1987, Ms. Martin had signed a lease for the premises in reliance upon a November 12, 1987, inspection report from EOCD certifying that the premises were lead-free. In 1988, Ms. Martin discovered that, contrary to the inspection report, there was, indeed, lead paint on the premises. Her two children had elevated levels of lead in their blood, necessitating costly and painful treatment. The letter stated:

> "As you know, such exposure to lead paint with resulting high lead levels in the blood subjects the children to retarded educational, social, vocational, and intellectual development.
>
> "If you are willing to discuss settlement of this case, please contact me."

When no settlement was forthcoming, see G. L. c. 258, § 5,

Ms. Martin commenced suit as parent and next friend of each minor child. An amended complaint followed in which Ms. Martin claimed individually for loss of consortium (count seven) and negligent infliction of emotional distress (count eight). The Commonwealth's answer included a general denial of compliance with the presentment requirement and ten "boilerplate" affirmative defenses. The second affirmative defense asserted that the plaintiffs had not complied with the presentment requirements of G. L. c. 258, § 4.

Prior to trial, the judge severed Ms. Martin's individual claims, and the case went to trial on the children's lead poisoning claims. On December 11, 1997, a jury returned a verdict in favor of the two children against the Commonwealth.[2] Thereafter, on the Commonwealth's motion for summary judgment, the judge determined that Ms. Martin's individual claims were barred because the June 22, 1989, letter did not satisfy the presentment requirements of § 4.

2. *The presentment requirement.* General Laws c. 258, § 4, as inserted by St. 1978, c. 512, § 15, provides in pertinent part: "[a] civil action shall not be instituted against a public employer on a claim for damages under this chapter unless [a] claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose . . . ." The parties do not dispute that the June 22, 1989, presentment letter was timely, see *Weaver* v. *Commonwealth*, 387 Mass. 43, 45 (1982), and that it was presented to the appropriate executive officer of the public employer. See G. L. c. 258, § 4; *Lodge* v. *District Attorney for the Suffolk Dist.*, 21 Mass. App. Ct. 277, 281 (1985). The sole disputed issue is whether the letter constituted a presentment of Ms. Martin's individual claims within the meaning of the statute.

An oft-recited proposition is that presentment must be made "in strict compliance with the statute." *Weaver* v. *Commonwealth*, 387 Mass. at 47; *Lodge* v. *District Attorney for the*

---

[2]The jury awarded $404,000 to Angelica Barboza and $147,000 to Robert Barboza. These amounts were reduced pursuant to the statutory maximum and judgment entered on behalf of each child in the amount of $100,000. See G. L. c. 258, § 2.

*Suffolk Dist.*, 21 Mass. App. Ct. at 284; *Wightman* v. *Methuen*, 26 Mass. App. Ct. 279, 281 (1988). However, close scrutiny discloses that the "strict compliance" precept is concerned more with whether presentment has been made to the proper executive officer (*proper party noticed*) in a timely fashion (*timeliness*) than with the content of the presentment (*adequacy of content*).

The purpose of the presentment requirement is to "ensure[] that the responsible public official receives notice of the claim so that that official can investigate to determine whether or not a claim is valid, preclude payment of inflated or nonmeritorius claims, settle valid claims expeditiously, and take steps to ensure that similar claims will not be brought in the future." *Lodge* v. *District Attorney for the Suffolk Dist.*, 21 Mass. App. Ct. at 283. Presentment is mandatory to permit the responsible executive officers to investigate, negotiate, and settle claims. See *Weaver* v. *Commonwealth*, 387 Mass. at 47. "The presentment requirement envisions arbitration, compromise, or settlement of claims. See G. L. c. 258, § 5." *Tambolleo* v. *West Boylston*, 34 Mass. App. Ct. 526, 532 (1993), quoting from *Pickett* v. *Commonwealth*, 33 Mass. App. Ct. 645, 647 (1992).

Just as "no sharp criteria can be formulated to settle all questions about the proper officer" to whom presentment must be made, see *Lodge* v. *District Attorney for the Suffolk Dist.*, 21 Mass. App. Ct. at 284, the requisite sufficiency of content in a presentment is easier to outline than to apply. *Gilmore* v. *Commonwealth*, 417 Mass. 718, 723 (1994), sets forth the test for assessing the sufficiency of content in both positive and negative terms. "[A] presentment letter should be precise in identifying the legal basis of a plaintiff's claim" and must "not [be] so obscure that educated public officials . . . find themselves baffled or misled with respect to [whether] a claim" is being asserted "which constitutes a proper subject for suit" under G. L. c. 258. *Ibid.*

The *Gilmore* test seeks to strike an appropriate balance between precision and lack of obscurity so as to satisfy the purposes behind the presentment provision: affording the executive officer the opportunity to investigate the circumstances of each claim, settle, and take preventive measures. *Id.* at 721-722.

However, the presentment requirement is not intended to demand such rigid particularization as to reincarnate sovereign immunity and bar legitimate claims for failing to invoke perfectly the correct "Open Sesame." See *Vasys* v. *Metropolitan Dist. Commn.*, 387 Mass. at 57 (the Legislature has instructed that the provisions of G. L. c. 258 are to be construed "liberally for the accomplishment of the purposes thereof," allowing plaintiffs with valid causes of action to recover); *Whitney* v. *Worcester*, 373 Mass. 208, 216 (1977) ("An appropriate balance should be struck between the public interest in fairness to injured persons and in promoting effective government"). Mindful of these considerations, we conclude that the June 22, 1989, letter constituted a sufficient presentment of Ms. Martin's individual claims.

The letter satisfies both the positive and negative enunciations of *Gilmore*: (1) it identifies the legal basis of the claims; and (2) it is not so obscure that educated public officials would be baffled or misled as to whether the claims are a proper basis for suit. The letter identifies precisely and unequivocally the factual basis of the claims: ingestion of lead paint by the children as a result of the negligence of the Commonwealth's agent in certifying to the mother prior to her signing the lease that the premises were free from lead paint. From this the public official could clearly ascertain that, if substantiated, the claims would fall within the ambit of G. L. c. 258.

The letter does not state explicitly, as it easily could have, that Ms. Martin was presenting particularized claims on behalf of the children and herself individually. However, neither does the letter explicitly limit the claims to those of the children. While the letter is not a model of particularity, neither is it so obscure as to baffle or mislead. The letter identifies the mother and the children, states the factual basis for the claims, and invites a reply to discuss settlement. The letter afforded the executive officer the opportunity for investigation, settlement, and preventive measures.[3] Compare *Wightman* v. *Methuen*, 26 Mass. App. Ct. at 282.

---

[3] If settlement could not be achieved, further particularization as to claimants, theories of liability, and damages would be proper subjects of pleading and discovery in accordance with the Massachusetts Rules of Civil Procedure.

It would take no great leap for the public official receiving the letter to infer that Ms. Martin, who had taken pains to assure herself that the premises were lead-free prior to signing a lease, might have suffered distress in learning that her children were adversely affected by levels of lead in their blood, or that she too would be impacted by their "retarded educational, social, vocational, and intellectual development" and would assert claims on her own account. Here, as in *Gilmore,* such an inference was not a conclusion that "only those with the most active imaginations could be expected to draw from the facts." *Gilmore* v. *Commonwealth,* 417 Mass. at 722. See *Dziokonski* v. *Babineau,* 375 Mass. 555, 567 (1978) (it is reasonably foreseeable that if one negligently injures a person he may liable to one or more persons sufficiently attached emotionally to the injured person). A suit for loss of consortium, while an independent cause of action, is not so rare a bird that in these circumstances the executive officer would be unaware of the likelihood of its assertion. See *Diaz* v. *Eli Lilly & Co.,* 364 Mass. 153, 160 (1973); *Feltch* v. *General Rental Co.,* 383 Mass. 603, 606-607 (1981) (a claim for loss of consortium is independent of the damage claim of the injured party); *Pinheiro* v. *Medical Malpractice Joint Underwriting Assn. of Mass.,* 406 Mass. 288, 292 & n.5 (1989).

Neither would the public official receiving Ms. Martin's presentment be baffled or misled as to the factual investigation necessary for resolution of any claims short of suit. No greater or different investigation of the facts giving rise to liability would need be undertaken for the mother's claim than for the children's. Liability for Ms. Martin's individual claims and those of the children would be based upon circumstances ascertainable through one investigation, the focus of which would be whether the children had ingested lead paint on the premises notwithstanding the certification that the premises were lead-free.

This case is unlike *Tambolleo, supra,* where the presentment letter advised only of an assault, an intentional tort outside the ambit of G. L. c. 258. There the presentment did not place the

town on notice that a claim was being made that the intentional actions of its employee would also serve as the basis for a claim that the town's negligence in supervision had caused emotional distress. See *Tambolleo* v. *West Boylston*, 34 Mass. App. Ct. at 532-533. Neither is this case like *Wightman* v. *Methuen*, 26 Mass. App. Ct. at 280-282, where the presentment spoke only of a negligent failure to supervise an elementary school playground and the plaintiff later attempted to assert a claim of negligent failure to provide medical assistance. There, because the two claims arose out of different acts or omissions, necessitating different investigations, "the town was deprived of the opportunit[y] for investigation, settlement, and preventive measures" as to the latter claim. *Id.* at 282. See *Gilmore* v. *Commonwealth*, 417 Mass. at 723 n.6.

In sum, we conclude that the letter, which specifically identified a legal basis, all theories of liability for which were premised upon the same facts, constituted an adequate presentment. The letter put the executive officer on notice of the time, place, and factual basis of the claims sufficiently to allow the opportunity to investigate, evaluate, settle, and avoid further liability. "The proper authority was placed on notice of the circumstances surrounding the alleged injury. The executive officer had the opportunity to investigate the circumstances of each claim, as all theories of liability argued by the plaintiff were based on the same facts." *McAllister* v. *Boston Hous. Authy.*, 429 Mass. 300, 305 n.7 (1999).

Having decided that Ms. Martin's presentment sufficed, we need not consider her additional argument that the Commonwealth waived the sufficiency of her presentment by failing to deny it specifically and with particularity.[4] Because of the importance of the issue generally,

---

[4]We note in passing that as Ms. Martin's complaint did specifically aver proper presentment, more was required of the Commonwealth than the assertion of a general denial and boilerplate affirmative defense. "In order to test the efficacy of an attempted presentment, a plaintiff . . . may aver generally that all statutory conditions precedent to recovery have been met; the defendant must deny the plaintiff's averment 'specifically and with particularity' (Mass. R. Civ. P. 9 [c]), or defective presentment is not an issue in the case." *Vasys* v. *Metropolitan Dist. Commn.*, 387 Mass. at 52. *G & B Assocs., Inc.* v. *Springfield*, 39 Mass. App. Ct. 51, 55 (1995).

we observe that, in asserting answers and affirmative defenses, parties would do well to reacquaint themselves with, and heed the requirements of, the Rules of Civil Procedure. The rules impose upon an attorney an obligation to certify that there is a good ground to support each pleading. The thoughtless, inattentive assertion of multiple boilerplate defenses, available at the push of a button in the computer age, is a phenomenon of increasing frequency that runs counter to this certification and to the spirit and letter of the rules. See Mass.R.Civ.P. 11(a), 365 Mass. 753 (1974).

The summary judgment entered in favor of the Commonwealth on Ms. Martin's individual claims is reversed.

*So ordered.*