McDonald, C. Brian, J.
The plaintiffs, Andrew Smith, Geriann Madore, Thomas Turco, Joseph Coggans, and Lucian Hunt (collectively, the “plaintiffs”), as Trustees of the Tiffany Townhouse Association, Inc. (the “Association”), the organization of unit owners of the Tiffany Townhouse Condominium (“Tiffany Townhouse”), have filed a complaint against the defendant, the Town of Millbuiy (the “Town”), for improper restoration (Count I) and breach of contract (Count II) arising out of the Town’s construction of a sewer line under their private roadway. The Town filed a Motion for Summary Judgment (the “Motion”) seeking to dismiss both counts. This Court has already issued an Order dismissing the breach of contract claim (Count II). Therefore, this decision relates only to the improper restoration claim (Count I). For the following reasons, the Town’s Motion is allowed as to Count I of the complaint.

BACKGROUND

The undisputed material facts, in the light most favorable to the plaintiffs, are as follows.
At the request of the Association, the Town, through its Board of Sewer Commissioners, agreed to install a sewer service line in a cul-de-sac serving a portion of the Association’s units. Under the terms of the agreement, portions of the service line would be installed on the Association’s property, rather than in the roadway, and the Association would be responsible to install sewer connections between individual units and the service line. Although there were negotiations for an easement from the Association, eventually, on September 19, 1996, the Town filed an Order ofTaking (With Betterments).
The Town contracted with Fed. Corp. (“the Contractor”) to install the service line (“the Construction Contract”). Installation of the service line was performed between November 25, 1997, and December 9, 1997. Restoration of the installation site by the Contractor was begun in December 1997, and completed in July 1998. The Association complained of the restoration work by letter of April 3, 1998. The Town responded and advised of the schedule for completion of the work.
As to the Construction Contract, the Town submitted an affidavit of Frank Gagliardi, a Sewer Commissioner, asserting:
The Sewer Commissioners did not themselves provide daily or regular supervision, direction or control over the work of [the Contractor). The [Construction Contract] itself specified that certain materials be used, for example with regards to fill, pipes, or manholes, and that certain generally ac *461 cepted practices be followed with regard to the project itself. No other Town employee provided daily or regular supervision of [the Contractor] during their work on the contract. [The Contractor] was required by the contract to provide its own labor, equipment and materials to complete the project. [The Contractor] was not provided medical, retirement or any other benefits normally provided to Town of Millbuiy employees.
By letter of October 13, 1999, addressed to the Office of the Sewage Commission, counsel for the Association complained that the restoration work had not been performed in a workmanlike manner (“the letter of October 13”). Specifically, the letter of October 13 complained that the driveway had been patched rather than re-paved, sunken sidewalks were lifting and buckling, and re-grading, loaming, and re-seeding areas of lawn were done improperly. The letter of October 13 demanded that the Town return to the site and “complete the work necessary to restore the property to it’s [sic] pre-excavation condition, including, but not limited to, re-paving the condominiums [sic] driveway.”
Joseph Coggins, a former member of the Town Board of Selectmen and president of the Association asserted in an affidavit submitted by the Association:
In early November of 1999,1 delivered a copy of the Associations [sic] letter of October 13, 1999 to the Board of Selectman [sic] and I informed them of the Associations [sic] intent to pursue a claim against the Town for damages related to the Town’s failure to restore the property damaged by the construction of sewers. I spoke with each member of the Board of Selectman [sic] in this regard, including the then-Chairman, Edward Plante.
The Board of Sewer Commissioners responded by letter of November 16, 1999 asserting that it had reviewed the project, inspected the site, and concluded that the restoration had been made in a good and workmanlike manner. The Board of Sewer Commissioners further asserted that the Association should look to its own contractor to remedy some of the conditions complained of.
The Association’s dissatisfaction with this response resulted in the instant complaint, which was filed April 20, 2000. After summaiy judgment was allowed on the Association’s breach of contract claim, the parties were directed to file supplemental memoranda of law on the negligence claim.

DISCUSSION

I. Standard

The court grants summary judgment if the pleadings, depositions, answers to interrogatories,.and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Mass.R.Civ.P. 56; Cassesso v. Comm’r of Corr., 390 Mass. 419, 422 (1983) (citations omitted). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989) (citations omitted).
The moving party may satisfy its burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 716 (1991). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and present specific facts establishing the existence of a genuine issue of material fact. Pederson, 404 Mass. at 17 (citation omitted). “Conclusoiy statements, general denials, and factual allegations not based on personal knowledge [are] insufficient to avoid summaiy judgment.” Cullen Enters, Inc. v. Massachusetts Prop. Ins. Underwriting Ass’n., 399 Mass. 886, 890 (1987). “If the opposing party fails properly to present specific facts establishing a genuine, triable issue, summaiy judgment should be granted.” Id.

II. Analysis

The plaintiffs seek damages for improper restoration (Count I) pursuant to two theories. Count I of their complaint asserts a claim in negligence pursuant to the Massachusetts Tort Claims Act (the “Tort Claims Act”), but their Memorandum in Opposition to the Town’s motion for summary judgment asserts that their claim also is brought under G.L.c. 83, §1.

A. The Massachusetts Tort Claims Act

A property owner who incurred damage to his land due to a contractor’s negligence must seek redress in an action in tort. Holbrook v. Massachusetts Tpk. Auth., 338 Mass. 218, 224-26 (1958). While Holbrook was decided before enactment of the Massachusetts Tort Claims Act, G.L.c. 258, §1 et seq., the principle remains although provisions of the Act may affect a property owner’s right to recover under the particular circumstances. General Laws c. 258, §2, provides that “[p]ublic employers shall be liable for injury or loss of property . . . caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment, in the same manner and to the same extent as a private individual under like circumstances . . .” The Town argues that the plaintiffs’ claim under G.L.c. 258 fails as a matter of law because (1) presentment was faulty, and (2) the Town cannot be held liable for the negligence of an independent contractor.

1. Presentment

The Town argues that presentment was faulty for two reasons: (1) presentment was not made to the proper person, and (2) the content of the presentment was inadequate. Pursuant to the Tort Claims Act, “[a] *462 civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose.” G.L.c. 258, §4, 1st par. Presentment is a condition precedent to suits against public employers. Spring v. Geriatric Auth. of Holyoke, 394 Mass. 274, 283 (1985). “Strict compliance with this notice prerequisite is necessary.” Antonio v. City of Peabody, 51 Mass.App.Ct. 655, 656 (2001). Summary judgment is proper where the plaintiff has not made proper presentment. Dattoli v. Hale Hosp., 400 Mass. 175, 178 (1987).

a. Person to Whom Presentment Is Made

In the case of a town, presentment is proper if made to the town manager, town counsel, town clerk, chairman of the board of selectmen, or executive secretary of the board of selectmen. G.L. 258, §4, 2nd par. The purpose of the rule requiring a party to present a claim directly to the executive officer of the public employer is to provide notice to the entity with the ability to fully investigate, “arbitrate, compromise or settle” such claim. Holahan v. Medford, 394 Mass. 186, 189 (1985) (citations omitted). This requirement is satisfied if the record demonstrates that the proper person had actual notice of the claim. Lopez v. Lynn Housing Auth., 440 Mass. 1029, 1030 (2003) (although presentment letters sent to wrong entity, the purpose of presentment was fulfilled because appropriate person had actual notice of claim).
Coggans, a former member of the Board of Selectmen, represented in his affidavit that although the letter of October 13 was not addressed to an executive officer of the Town, the Chairman of the Board of Selectmen had actual notice of the claim because Coggans, in early November of 1999, personally delivered the letter of October 13 to the Chairman and each member of the Board of Selectmen and personally informed each of the Association’s intent to pursue a claim against the Town for damages related to the Town’s failure to restore the property. The Town failed to submit affirmative evidence to rebut Coggan’s assertions. See Kourouvacilis, 410 Mass. at 716. Thus, the summary judgment record demonstrates that the letter of October 13 was presented to the Town’s executive officer in a manner that satisfied G.L.c. 258, §4 2nd par.

b. Content of Presentment

The Town next argues that the letter of October 13 is defective because it merely requests that the Contractor return in order to perform the restoration work and fails to articulate any claim of negligence against the Town. The Act is silent on what information a plaintiff needs to include in a presentment letter. Martin v. Commonwealth, 53 Mass.App.Ct. 526, 529 (2002). The “ ‘presentment letter should be precise in identifying the legal basis of a plaintiffs claim’ and must ‘not [be] so obscure that educated public officials . . . find themselves baffled or misled with respect to [whether] a claim’ is being asserted ‘which constitutes a proper subject for suit’ under G.L.c. 258.” Id., quoting Gilmore v. Commonwealth, 417 Mass. 718, 723 (1994); see also Rodriguez v. Cambridge Housing Auth., 59 Mass.App.Ct. 127, 134 (2003). If the legal basis is not articulated within the letter, there must be a “detailed description of the facts from which to infer the basis of the claim” in order to have adequate presentment. Garcia v. Essex County Sheriff’s Dep’t., 65 Mass.App.Ct. 104, 109 (2005).
This test “seeks to strike an appropriate balance between precision and lack of obscurity so as to satisfy the purposes behind the presentment provision: affording the executive officer the opportunity to investigate the circumstances of each claim, settle, and take preventative measures.” Martin, 53 Mass.App.Ct. at 529 (citation omitted). “(T]he presentment requirement is not intended to demand such rigid particularization as to reincarnate sovereign immunity and bar legitimate claims for failing to invoke perfectly the correct ‘Open Sesame.’ ” Id. at 530 (citations omitted).
The letter of October 13 provided as follows:
[T]he disturbed areas of the driveway were patched and otherwise repaired in an unprofessional manner. As a result the areas in question have settled and this has caused water problems throughout the complex. Furthermore, the sidewalks were improperly repaired to the point that they are now lifting, heaving, and buckling . . . Based on the foregoing, the Association hereby demands that the Town return to the complex immediately and that it complete the work necessary to restore the property to it’s [sic] pre-excavation condition, including, but not limited to, re-paving the condominiums [sic] driveway.
The letter contained no statement providing notice of the legal basis of liability since it failed to assert that the plaintiffs’ injuries were caused by the Town’s negligence or wrongful act or omission, or to identify G.L.c. 258 as a basis of liability. However, the letter is not so obscure that educated public officials would be baffled or misled as to whether a claim under G.L.c. 258 is being asserted. See Martin, 53 Mass.App.Ct. at 529. Here, the purposes of presentment was served because the letter afforded the executive officer the opportunity to investigate, settle, and prevent damages. See Id. Accordingly, the content of the letter of October 13 was sufficient for proper presentment.

2. Independent Contractor

Under the Tort Claims Act, a town is not liable for the negligence or wrongful act or omission of an independent contractor. See G.L.c. 258, §2 (“negligent or wrongful act or omission of any public employee while acting within the scope of his office of employment . . .” (emphasis added); see also Rowe v. Arlington, 28 Mass.App.Ct. 389, 390 (1990) (recovery against *463 town denied because negligence was due to the act of an independent contractor). “Although the Tort Claims Act’s definition of the words ‘public employee’ in §1 provides no detailed guidance in deciding whether a person is a ‘public employee,’ the definition of ‘public employer’ in §1 does . . .” Kelley v. Rossi, 395 Mass. 659, 661 (1985). Public employer is defined as “any . . . town . . . which exercises direction and control over the public employee, but not a private contractor with any such public employer . . .” G.L.c. 258, §1.
It is undisputed that the work the plaintiffs complain of was performed by an independent contractor that the Town hired to install sewer lines in a number of different roadways for a lump sum of money. “(I]f the employer [of an independent contractor] retains the right to control the work in any of its aspects . . . he must exercise that control with reasonable care for the safety of others, and he is liable for damages caused by his failure to do so.” Ku v. Town of Framingham, 53 Mass.App.Ct. Til, 729 (2002), quoting Corsettiv. Stone Co., 396 Mass. 1, 10 (1985). “One who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care.” Id., quoting Restatement (Second) of Torts §414 (1965). “In order to establish the town’s liability under this theory, the plaintiffs must demonstrate that [the Contractor] was ‘not entirely free to do the work in his own way.’ ” Id. (quotation omitted).
The Town has satisfied its burden by submitting affirmative evidence that negates an essential element of the plaintiffs’ case. See Kourouvacilis, 410 Mass, at 716. Gagliardi, a Sewer Commissioner for the Town, attested in his affidavit that the Town provided no daily or regular supervision, direction, or control over the Contractor. Gagliardi also attested that the Contractor was required by the Construction Contract to provide its own labor, equipment, and materials to complete the project and that it was not provided medical, retirement, or any other benefits normally provided to the Town of Millbuiy employees.
The plaintiffs have not presented specific facts establishing the existence of a genuine issue of material fact relative to this issue. See Pederson, 404 Mass. at 17. The plaintiffs merely dispute in their memorandum the Town’s characterization of its relationship with the Contractor and state that the Construction Contract is silent on this issue. “Conclusoiy statements, general denials, and factual allegations not based on personal knowledge [are] insufficient to avoid summary judgment.” Cullen Enters., Inc., 399 Mass. at 890.
Accordingly, since the injury the plaintiffs complain of was not caused by the Town, but rather an independent contractor, their claim fails as a matter of law because the Town cannot be liable for the acts of an independent contractor.

B. General Laws c. 83, §1

General Laws c. 83, §1, 1st par., provides that “[a] city or town may lay out, construct, maintain and operate a system or systems of common sewers ... in public or private ways for a part or the whole of its territory as they adjudge necessary for the public convenience or the public health . ..” That statute also provides the following:
The aldermen of a city or selectmen, sewer commissioners, or road commissioners . . . may take by eminent domain under chapter seventy-nine, or acquire by purchase or otherwise, any lands, rights of way or easements, public or private, in said city or town, necessary for accomplishing any purpose mentioned in this section, and may construct such sewers or drains under or over any bridge, railroad, railway, or public way, or within the location of any railroad, and may enter upon and dig up any private land, public way or railroad location, for the purpose of laying such sewers or drains and of maintaining and repairing the same, and may do any other thing proper or necessary for the purpose of this section . . . Any person injured in his property by such action may recover damages from such city or town under chapter seventy-nine.
General Laws c. 83, §1, 4th par. (emphasis added).
The plain meaning of the aforementioned paragraph indicates that the recovery for damages authorized therein is not for negligence. Rather, the recovery is for the intrusion upon property interests caused by the work authorized by the public entity in laying the sewer, such as any taking itself, or entry upon the land to dig, lay sewers or drains, maintain or repair sewers or drains, and any other thing “proper or necessary” for the purpose of constructing or maintaining the sewers or drains. General Laws c. 83, §1, provides that G.L.c 79 — the Eminent Domain Statute — is the procedural vehicle to recover damages for injury to property. The plaintiffs contend that they may file a petition for damages in the Superior Court pursuant to G.L.c. 79, §14.[2] Even assuming, arguendo, that the plaintiffs would be entitled to recover damages under G.L.c. 83, §1, their claim fails as a matter of law because it is untimely.
“A petition for the assessment of damages under section fourteen may be filed within three years after the right to such damages has vested . . .” G.L.c. 79, §16. “That statutory limitation period applies not only to controversies over the amount of damages (the usual petition for an assessment of damages), but as well to disputes over whether a taking has occurred or damages have been inflicted.” Eldredge v. Bd. of Selectmen of Brewster, 18 Mass.App.Ct. 502, 504 (1984), citing Whitehouse v. Sherborn, 11 Mass.App.Ct. 668, 671-75 (1981). The three-year statute of limitations *464 period set forth in G.L.c. 79, §16, vests on the date the order of taking is recorded.[3] Caporale v. Bd. of Selectmen of Billerica, 37 Mass.App.Ct. 912, 913 (1994); Boyce v. Greater Lowell Reg’l Vocational Technical Sch. Dist. 7 Mass.App.Ct. 639, 644 (1979).[4]
It is undisputed that an Order of Taking (with Betterments) was recorded in the Worcester County Registry of Deeds on September 19, 1996. Therefore, the three-year statute of limitations period vested on September 19, 1996. It is also undisputed that the plaintiffs filed their complaint on April 20, 2000. Accordingly, a claim for damages under G.L.c. 83, §1, is not viable because the three-year statute of limitation has lapsed.

ORDER

For the foregoing reasons, it is hereby ORDERED that the Town of Millbury’s Motion for Summary Judgment is ALLOWED as to Count I of the plaintiffs’ complaint. Accordingly, a judgment of dismissal shall enter.

“A person entitled to an award of his damages under this chapter or the body politic or corporate bound to pay the same, whether a petition has or has not been filed or award made under section six, seven, nine or ten, may petition for the assessment of such damages to the superior court of the county in which the property taken or injured was situated.” G.L.c. 79, §14.

The plaintiffs argue that the rights should vest when the work is complete, not when the order of taking is recorded, because their damages arise from the actual construction and/or maintenance of sewers. However, they fail to point to any case adopting this definition of vesting. This inherent problem underscores the inapplicability of G.L.c. 83 to negligence damages and the exclusivity of G.L.c. 258.

When these two cases were decided, the applicable statute of limitations period was two years.