Lauriat, Peter M., J.
Resource Management Company (RMC), has filed an “amended complaint for contempt” against Norman Huggins, an Assistant Clerk of the Suffolk County Superior Court for Civil Business, for Huggins’s alleged failure to issue an execution on a judgment in the matter of Resource Management Company LLC v. Doyle, Civil Action No. 05-4033 (Suffolk Super.Ct.). RMC seeks damages against Huggins personally in the amount of $26,661.73. Huggins has now moved, pursuant to Mass.R.Civ.P. 12(b)(1) and (6), to dismiss RMC’s amended complaint.[1] For the following reasons, Huggins’s motion to dismiss is allowed.
BACKGROUND
The following facts are taken from RMC’s amended complaint and are accepted as true for purposes of deciding Huggins’s motion to dismiss. Fairneny v. Savogran Co., 422 Mass. 469, 470 (1996). The procedural background of this case comes largely from the long and somewhat tortured history of an underlying action, Resource Management Co. LLC v. Doyle, Civil Action No. 05-4033 (Suffolk Super.Ct.).
Prior to the present action, RMC filed an action in the Superior Court in New Jersey against attorney *338 Robert J. Doyle (“Doyle”) of Boston, Massachusetts. RMC alleged that it was a company that “invests its own funds in qualified cases in which attorneys and clients lack the funds to financially support complex litigation against wealthy defendants,” in exchange for a significant return on its investment at the time of resolution of those claims. RMC further alleged that it had contracted with attorney Doyle to fund several civil actions, and that Doyle owed it certain monies in connection with those cases.
On October 22, 2004, the Superior Court of New Jersey ordered Doyle to pay certain specified monies into the trust account of RMC’s attorney pending the outcome of RMC’s action against him. It further ordered that if Doyle failed to do so, a finding of contempt would enter and a sanction of $10,000 would be imposed. Doyle did not comply with the New Jersey court’s order, and on January 31, 2005, the New Jersey court struck Doyle’s defenses to RMC’s action and apparently entered a judgment in RMC’s favor against Doyle.
On September 22, 2005, RMC, represented by Massachusetts counsel, filed an action against Doyle, including a request for injunctive relief, in the Suffolk County Superior Court to enforce the judgment it had obtained against him in New Jersey. Resource Management Co. LLC v. Doyle, Civil No. 05-4033 (Suffolk Super.Ct.) (“the Suffolk case”). On September 27, 2005, Doyle objected to the requested injunction on the ground that he had already paid $25,000 to RMC’s New Jersey attorney on April 28, 2005. On September 28, 2005, a hand-written Agreement for Judgment between RMC and Doyle in the amount of $35,100, plus interest and statutory costs was entered on the docket of the Suffolk case.
On December 23, 2005, RMC’s Massachusetts attorney filed a notice of attorney’s lien against RMC in the Suffolk case, and on January 5, 2006, he filed a motion to stay execution of the agreed-upon judgment until the amount of his attorney’s lien was established. After the court denied the motion to stay execution on February 24, 2006, RMC’s now former Massachusetts counsel[2] appealed, but then withdrew his appeal on March 7, 2006.
Meanwhile, on February 3, 2006, the New Jersey Superior Court amended RMC’s judgment against Doyle in the amount of $194,001.73. RMC then filed a pro se motion in the Suffolk action on March 30, 2006, to amend the Agreement for Judgment to $182,501.73. After Doyle submitted his opposition, the court (Quinlan, J.) denied this motion on April 10, 2006.
On May 11, 2006, RMC moved in the Suffolk action to substitute Benjamin Riggs, Jr. for RMC as plaintiff on the ground that RMC had become a sole proprietorship wholly owned and operated by Riggs. RMC’s second attorney also moved to withdraw as counsel and to permit RMC to proceed pro se through Benjamin Riggs, Jr. d/b/a Resource Management Company f/k/a RMC/Resource Management Company, LLC. The court (Spurlock, J.) allowed both motions on October 5, 2006.
On October 18, 2006, RMC filed a second motion to amend the judgment entered on September 28, 2005 in the Suffolk action to $182,501.73. After a hearing, the court (Spurlock, J.) denied this motion on November 7, 2006. In its Memorandum of Decision and Order on RMC’s motion, the court explained that it did not have the authority under Mass.R.Civ.P. 59(e) to amend the final judgment that was entered on September 28, 2005, because RMC failed to move to amend the judgment within ten days after entry of that judgment.
After its second motion to amend the judgment was denied, RMC moved on November 27, 2006 for issuance of a late execution in the amount of the original judgment — $35,100. The court (Spurlock, J.) allowed this motion on January 29, 2007. However, on December 4, 2006, after RMC had moved for issuance of the late execution, but before the court had allowed that motion, RMC filed a notice of appeal of the court’s denial of RMC’s second motion to amend the judgment.
On June 28, 2007, RMC filed a motion to compel the issuance of an execution, which the court (Spurlock, J.) allowed on July 30, 2007. On August 31, 2007, RMC filed an amended motion to compel issuance of execution, which the court (Spurlock, J.) denied on September 6, 2007. Thus, as of September 6, 2007, the status of the case was that RMC’s motions to amend the judgment had been denied, RMC had filed a notice of appeal of the denial of its second motion to the amend judgment, RMC’s original motion to compel execution had been allowed, but its subsequent amended motion to compel execution had been denied.
On September 12, 2007, a notice of assembly of the record on appeal was entered on the docket. On September 20, 2007, RMC filed a waiver of its appeal of the court’s denial of its second motion to amend judgment. In its filing, RMC stated “the reason for this action is that the Clerk of the Court has refused to issue an Execution on a previous judgment in this matter on various grounds, including that an appeal was pending, and has refused to comply with a subsequent Order of the Court compelling him to issue said execution regardless of the pending appeal.”
On November 19, 2007, RMC filed a motion “to [s]how (c)ause why the Assistant Clerk of the Court, Norman Huggins, should not be held in Contempt of Court for refusing to comply with the Court’s Order of July 30, 2007, by which he was ordered to issue an execution in this matter.” RMC also requested that the court impose sanctions against Huggins. The court (Lauriat, J.) denied this motion without prejudice to RMC filing a complaint for contempt pursuant to Mass.R.Civ.P. 65.3.
*339 RMC filed his amended complaint for contempt against Huggins on December 6, 2007. RMC seeks to hold Huggins in contempt of court for refusing to comply with the court’s July 30, 2007 order and other orders regarding the issuance of an execution in RMC’s case against Doyle.
On March 31, 2008, an amended judgment was entered in Resource Management Company LLC v. Doyle, Civil No. 05-4033 (Suffolk Super.Ct.), pursuant to Mass.R.Civ.P. 58(a), in favor of RMC in the amount of $23,001.73, together with interest and costs. On May 1, 2008, an execution was issued in the Suffolk action in favor of Benjamin C. Riggs, Jr. in the amount of $30,273.86 plus costs of $318.25.
DISCUSSION
The Supreme Judicial Court recently adopted the United States Supreme Court’s refined standard for evaluating a plaintiffs complaint pursuant to a motion to dismiss under Mass.R.Civ.P. 12(b)(6).[3] See Iannacchino v. Ford Motor Co., 451 Mass. 623 (2008). Thus, “(w]hile a complaint attacked by a... motion to dismiss does not need detailed factual allegations . . . a plaintiffs obligation to provide the ‘grounds’ of his ‘entitle[ment] to relief requires more than mere labels and conclusions.” Id. at 636, quoting BellAtl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). The complaint must state factual allegations sufficient “to raise a right to relief above the speculative level. . . [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact).” Id.
RMC’s amended complaint for contempt asserts three claims against Huggins: Count One alleges that Huggins violated G.L.c. 221, §2, by breaching his duties as an Assistant Clerk and that Huggins is personally liable to RMC under G.L.c. 221, §31, for $23,001.73 plus interest and costs; Count Two alleges that Huggins is personally liable for RMC’s $1,535.00 in legal expenses incurred in attempting to execute on the judgment; and Count Three alleges that Huggins tortiously interfered with RMC’s access to the Massachusetts courts and the protection of its laws. RMC seeks punitive damages on this claim.
Huggins has now moved to dismiss all counts of RMC’s amended complaint for contempt.
I.
Under G.L.c. 221, §2, clerks of courts, and by extension, assistant clerks, have a duty to issue “such writs or other processes as the court orders.” See G.L.c. 221, §33 (“Each assistant clerk shall under the direction of the clerk perform any of the duties of the clerk .. .”). Thus, Huggins, as an Assistant Clerk, had a duty to issue the execution of judgment in RMC’s case against Doyle. According to RMC’s Amended Complaint, Huggins did not issue the requested execution even though a motion for issuance of late execution and a motion to compel the issuance of execution had been allowed on January 29, 2007 and July 30, 2007, respectively, because he understood that an appeal was pending and he believed that the amount of the proposed judgment was improper. According to the docket, RMC did not withdraw its appeal of the court’s denial of RMC’s second motion to amend judgment until September 20, 2007. Because an appeal was still pending until this point, it would have been improper for Huggins to issue an execution before this date. See G.L.c. 235, §16 (“No execution shall issue upon a judgment until the exhaustion of all possible appellate review thereof and the receipt by the clerk of the trial court of the appropriate rescript or order”).
II.
RMC contends in its amended complaint that Huggins breached his statutory duties as an Assistant Clerk by failing to timely issue an execution on the judgment despite the court’s orders. Huggins argues that the court should dismiss RMC’s claims against him because he is immune from liability under the doctrine of quasi-judicial immunity.
Under the doctrine of absolute judicial immunity “every judge, whether of a higher or lower court, is exempt from liability to an action for any judgment or decision rendered in the exercise of jurisdiction vested in him by law.” Allard v. Estes, 292 Mass. 187, 189-90 (1935). “Courts have expanded the doctrine of judicial immunity to include certain ‘quasi judicial’ officers who are involved in an integral part of the judicial process and thus must be able to act freely without the threat of a law suit.” Commonwealth v. O’Neil, 418 Mass. 760, 767 (1994); see also LaLonde v. Eissner, 405 Mass. 207, 210-11 (1989).
Although the Supreme Judicial Court has recognized that “judicial immunity may in some circumstances extend to court clerks,” O’Neil 418 Mass. at 767, court clerks are entitled to the full protection of absolute immunity only when they are “acting at a judge’s direction.” Temple v. Marlborough Div. of the Dist Court Dep’t, 395 Mass. 117, 133 (1985), citing Slotnick v. Garfinkle, 632 F.2d 163, 166 (1st Cir. 1980) (“Judicial immunity extends as well to those who carry out the orders of judges”). If a clerk is not carrying out a judge’s directive, the clerk is entitled only to qualified immunity. Temple, 395 Mass. at 133, citing Slotnick, 632 F.2d at 166 (clerk who issued commitment papers that had been altered was entitled to absolute judicial immunity because he was carrying out the judge’s commitment order), and Williams v. Wood, 612 F.2d 982, 984-85 (5th Cir. 1980) (clerk performing routine duties such as entering final judgment and notifying parties not entitled to absolute immunity); see also LaLonde, 405 Mass. at 211; Richard W. Bishop, Prima Facie Case: Proof and Defense §17.11, at 551 (2005) (“Court clerks enjoy qualified immunity from suit. They are also absolutely immune for their conduct when acting at a judge’s direction.”). The rationale for affording clerks absolute immunity only when they are carrying out functions upon a judge’s direction is that in this capacity, the clerk is “act[ing] as the arm of the *340 judge and [thus] comes within his absolute authority.” Williams, 612 F.2d at 985.
Here, Huggins was not carrying out a judge’s directive when he allegedly failed to timely issue an execution in RMC’s action against Doyle. Rather, he was performing a routine task in his capacity as an Assistant Clerk — determining whether an execution should issue on a judgment. As previously noted, clerks of court and their assistants have a duty to issue writs and other processes as ordered by the court, such as issuing executions on judgments. G.L.c. 221, §2. RMC alleges in its Amended Complaint that Huggins failed to comply with his duties by not executing the judgment despite court orders requiring him to do so. Thus the alleged tortious conduct directly involves his failure to follow a court directive rather than his following a court directive. Since Huggins was not acting at the court’s direction, he is not entitled to absolute immunity from damages allegedly caused by his delay in executing the judgment. See, e.g., Temple, 395 Mass. at 133.
III. Qualified Immunity
In the alternative, Huggins argues that RMC’s claims are barred by the Massachusetts Tort Claims Act, G.L.c. 258, §2. Under the Tort Claims Act, “public employers” are liable for personal injuries “caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment.” G.L.c. 258, §2; see also Pruner v. Clerk of Superior Court in County of Norfolk, 382 Mass. 309, 313 (1981). “The employee himself is not liable for his own negligence, however, unless he fails to cooperate with his employer in defending a suit brought against the employer.” Pruner, 382 Mass. at 313. As Huggins is a “public employee” under the Tort Claims Act, see id. at 315, the proper defendant in this action is Huggins’s employer, which is Suffolk County. See id. at 314 (stating that the “employer” of the defendant court clerks was the county in which they were employed). Because RMC filed suit against Huggins and not the Suffolk County Superior Court, its action must be dismissed without prejudice to filing an action against Huggins’s employer.
The court must also comment on Huggins’s argument that RMC did not comply with the presentment requirement of G.L.c. 258, §4 for instituting a civil action against a public employer for damages, since if RMC did not comply, this would be a separate basis for dismissing its lawsuit.[4] In response to Huggins’s argument that RMC did not properly present its claim, RMC submitted a letter dated October 3, 2007, purporting to satisfy the presentment requirement. The letter was addressed to the Chief Justice of the Superior Court, Barbara J. Rouse, and outlined RMC’s grievances against Huggins and the Clerk’s Office. Although the content of this letter was sufficient for presentment, RMC filed its suit prematurely. See Martin v. Commonwealth, 53 Mass.App.Ct. 526, 529 (2002) (sufficiency of presentment focuses more on whether presentment was timely and made to the proper party rather than the content of the presentment). RMC stated in its opposition memorandum that it never received a response regarding its grievance. According to the docket, RMC filed its complaint on December 6, 2007. Because RMC did not wait for the statutory six-month period to elapse before filing its action, RMC did not satisfy the presentment requirement.[5] See G.L.c. 258, §4; Pruner, 382 Mass. at 351; Martin, 53 Mass.App.Ct. at 528 (“[P]resentment must be made ‘in strict compliance with the statute,’ “ quoting Weaver v. Commonwealth, 387 Mass. 43, 47 (1982)).
IV.
Finally it appears from the docket in the underlying case, Resource Management Company LLC v. Doyle, Civil Action No. 05-4033 (Suffolk Super.Ct.), that the present action should be dismissed as moot. On May 1, 2008, the Clerk issued an execution against attorney Doyle in that case in the amount of $30,273.86 plus costs. Since the goal of the present contempt action was presumably to compel the issuance of an execution, that goal has been accomplished. And since the court has concluded that Huggins cannot be held personally liable to RMC in this action, there is no basis for continuing this action against him.
ORDER
For the foregoing reasons, Norman Huggins’s Motion to Dismiss the Amended Complaint for Contempt is ALLOWED. Resource Management Company’s Amended Complaint is DISMISSED without prejudice.

In its opposition to Huggins’s motion, RMC makes a general objection that because a motion under “Rule 12(b)(6) ... is treated as motion for summary judgment!,]” Huggins’s motion should be dismissed because Huggins did not include a concise statement of facts in accordance with Rule 9A or any supporting affidavits. RMC provides no justification for converting the motion, and since the court has not considered any material outside of the pleadings or the docket, the court will not treat Huggins’s motion as one for summary judgment.

He was required to withdraw as RMC’s attorney when he filed his attorney’s lien against RMC in the Suffolk action.

The court notes that its decision would be the same under the prior motion to dismiss standard. See Nader v. Citron, 372 Mass. 96, 98 (1977).

“A civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose, and such claim shall have been finally denied by such executive officer in writing and sent by certified or registered mail, or as otherwise provided by this section. The failure of the executive officer to deny such claim in writing within six months after the date upon which it is presented, or the failure to reach final arbitration, settlement or compromise of such claim according to the provisions of section five, shall be deemed a final denial of such claim.” G.L.c. 258, §4

If RMC elects to file suit against Huggins’s employer, it will first need to comply with the presentment requirement before filing its complaint by waiting for the six months to elapse, unless it sooner receives a written denial of its claim.